O'Brien, J., concurred.

Van Brunt, P. J.:

Exceptions overruled and judgment ordered for the plaintiff, with costs.

---

In the Matter of the Voluntary Dissolution of the DAVID JONES COMPANY.
AUGUSTUS T. DOCHARTY and Another, Petitioners, Appellants, PATRICK KIERNAN and Others, Respondents.

*Manufacturing corporation — restrictions on stock transfers — absence of a by-law regulating the election of trustees — voluntary dissolution.*

A by-law of a stock corporation, organized under the manufacturing corporation act of 1848, restricted the transfer of stock by requiring that any holder of an original stock certificate who desired to transfer stock thereunder must give an opportunity, in a prescribed manner, to all other holders of original stock certificates to purchase the stock at a valuation to be fixed by the trustees semi-annually before a certificate capable of unrestricted transfer would be issued.

*Held* (without expressing any opinion as to the validity of such by-law), that when the conditions of the by-law had been complied with, and a certificate relieved of restrictions had been issued accordingly, the transferee of such new certificate became, on its transfer, a stockholder in the corporation.

Under the provisions of the general stock corporation law (Laws of 1892, chap. 687) if a corporation has no by-law regulating elections of trustees or directors (for the reason, e. g., that such a by-law has not been published as required by the statute [§ 11, sub. 5]), a valid election of trustees may be had, by force of sections 23 and 24, on the call of any member of the corporation, published and noticed as prescribed.

Newly elected directors of a manufacturing stock corporation have a right to stop voluntary proceedings for the dissolution of the corporation which have been initiated by their predecessors in office.

APPEAL by the petitioners, Augustus T. Docharty and John Keenan, from that part of an order, made at the New York Special Term, entered in the office of the clerk of the city and county of New York on the 17th day of October, 1892, setting aside an order directing all persons interested in the David Jones Company, a stock corporation organized under the manufacturing corporation act of 1848, to show cause why the corporation should not be dissolved, which

"*Ordered*, That the said motion be and the same hereby is granted, with ten dollars costs, to be paid by the said Docharty and Kiernan, and the order entered herein on the 3d day of June, 1892, is hereby vacated and set aside."

*C. F. Wells*, for the appellants.

*D. Gerber*, for the respondents.

VAN BRUNT, P. J. :

The David Jones Company was organized in 1884. It is alleged, upon the part of the appellants, that a resolution was duly passed, at a meeting of the board of trustees, on the 28th of May, 1892, directing the secretary to take the steps necessary to procure a dissolution of the company, and in pursuance of that direction the petitioners, two of the three trustees, on the 3d of June, 1892, obtained the order to show cause, which was vacated and set aside by the order appealed from. On the 4th of August, 1892, two months after the making of the order to show cause, the remaining trustee and holder of the majority of the stock of the corporation transferred 800 shares of the capital stock to his attorneys; and thereupon a special meeting of the stockholders was called by the said trustee, and on the 29th of August, 1892, the said trustee, and the persons to whom the stock

was transferred were elected trustees, and such trustees passed, on the 8th of September, 1892, resolutions opposing the proceedings already taken for the voluntary dissolution of the company, and thereupon the motion was made to vacate the order to show cause above referred to, and for a dismissal of the present proceedings. This motion were granted; and from that order this appeal is taken.

It is urged, upon the part of the appellants, that the transfer of stock to the attorneys of the third and dissenting trustees was illegal, and did not, in fact, confer upon them (the transferees) the powers of legal stockholders, and that the call for the special meeting of stockholders was insufficient, because, although the call for the special meeting was issued under the provisions of the by-laws regulating elections, and the meeting purported to be held in conformity with the same, the by-laws were absolutely void by statute.

The grounds upon which it is urged that the transferees of the stock of the third trustee did not become legal stockholders, is because of the provisions of a by-law of the company restricting the transfer of original certificates of stock.

This by-law provides that: "Whenever the holder or holders of one or more of such first or original certificates of stock shall be desirous of transferring all or any of the shares of stock represented by such certificate or certificates, he or they shall give notice thereof, in writing, to the secretary. It shall be the duty of the secretary, upon receiving any such notice, forthwith to give written notice thereof to the board of trustees, and to the holders of all other first or original certificates of stock as they appear upon the books of the company. The holder or holders of such first or original shares of stock, who are desirous of purchasing the shares offered for transfer, may bid for, or propose to purchase all or any of the shares offered for transfer at a price specified in the resolution to be passed at the first meeting in the months of July and January, respectively, fixing the optional price for the half year next succeeding such meeting."

The by-law further provides that: "In case all bids or proposals made are for less than the apparent real value of the stock, the board of trustees shall cause a certificate to be made that the holder or holders desiring to transfer the stock have complied with article 7 of the by-laws, and such holder or holders shall be at liberty to have such stock transferred to anyone who will take the same."

It appears that on the 6th of April, 1889, the said third trustee gave the notice required by the by-law, and such proceedings were thereupon had that a certificate was given on the 13th of May, 1889, by the secretary of the corporation that such trustee had complied with the provisions of the by-laws and was at liberty to have his stock transferred to anyone who would take the same; and thereupon, on the 1st of July, 1889, a new certificate of stock was issued to said trustee which contained no restrictions whatever upon its transfer.

Under these circumstances it is clear, even if such by-law could be enforced, that there had been a compliance with its terms; and that the transferees of said trustee became stockholders, the stock being relieved from the restriction of the by-law. But it is not to be considered that the court in any way expresses an opinion upon the validity of a by-law thus restricting the transfer of stock.

The next point presented is, that the special meeting was irregular, although called in pursuance of the by-law, because the by-law had never been published pursuant to the requirements of the statute. Subdivision 5 of section 11 of the general corporation law, chapter 687 of the Laws of 1892 (which is substantially the re-enactment of an old statute which has been in force since prior to the Revised Statutes, 1 R. S., 603, 604, § 6) provides that no by-law regulating the election of directors or officers shall be valid unless published for at least two weeks in a newspaper in the county where the election is to be held, and, at least, thirty days before such election. And the question is presented, whether the corporation can hold an election for trustees where there is no by-law regulating the same.

Upon an examination of sections 23 and 24 of chapter 687 of the Laws of 1892 it will appear that the omission to frame a by-law regulating the holding of elections in no way impairs the right or obligations upon the part of the directors or members of a corporation to provide for such election.

Section 23 provides that if the directors shall not be elected on the day designated in the by-laws (the law under which the corporation was organized determines how often the directors shall be elected), the corporation shall not, for that reason, be dissolved, but every director shall continue to hold his office and discharge his duties until his successor has been appointed. And by section 24 it is pro-

vided that if the election has not been held on the day so designated the directors shall forthwith call a meeting of the members of the corporation for the purpose of electing directors, of which meeting notice shall be given in the same manner as of the annual meeting for the election of directors; and, if such meeting shall not be called within one month after the failure to elect directors, any member of the corporation may call a meeting for the purpose of electing directors by publishing notice of the time and place of holding such meeting at least once in each week for two successive weeks immediately preceding the election, in a newspaper published in the county where the election is to be held, and in such manner as may be prescribed by the by-laws for the publication of notice of the annual meeting and by serving upon each member, either personally or by mail, a copy of such notice at least two weeks before the meeting.

These requirements of the statute were complied with. The notice was published for two weeks and the other stockholders were personally served with notice of the election. There being no by-laws, as claimed upon the part of the appellants, of course, there were no provisions of the by-laws to comply with. And certainly it cannot be claimed that where a majority of the board of directors refuse to pass a by-law regulating the time and place of an election they never can be deposed from office, and thus the statute requiring an annual election of the trustees of such a corporation rendered entirely nugatory.

We see no reason for interfering with the order appealed from. The new directors had the same right to stop the proceedings for the dissolution of the corporation that the old directors had to initiate them.

The order should be affirmed, with costs.

O'BRIEN and FOLLETT, JJ., concurred.

Order affirmed, with costs.