## In re BOARD OF DIRECTORS OF BROADWAY INS. CO.

(Supreme Court, Appellate Division, First Department.   December 10, 1897.)

1. CORPORATIONS—DISSOLUTION—NOTICE TO ATTORNEY GENERAL.

Notice to the attorney general of an application, under Code Civ. Proc. § 2419, for the voluntary dissolution of a corporation, is, under Laws 1883, c. 378, as amended by Laws 1896, c. 282, essential to the jurisdiction of the court, even though the corporation is solvent.

2. JUDGMENTS—JURISDICTION TO VACATE.

The court has inherent power to vacate upon its records an order which is void because made without jurisdiction, and is bound to do so when the fact is called to its attention.

Application by directors of the Broadway Insurance Company for leave to discontinue dissolution proceedings.   From an order denying the motion, applicants appeal.   Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTER-SON, O'BRIEN, and INGRAHAM, JJ.

F. R. Coudert, for appellants.

C. A. Jackson, for certain stockholders.

Benno Loewy, for original petitioners.

C. W. Francis, Dep. Atty. Gen., for city of New York.

VAN BRUNT, P. J.   On the 11th of November, 1896, the board of directors of the Broadway Insurance Company passed a resolution authorizing their counsel to institute dissolution proceedings under section 2419 of the Code of Civil Procedure.   A petition was presented to the court pursuant to such authority, praying for a final order dissolving the corporation.   No notice of that application was given to the attorney general.   An order to show cause why the said corporation should not be dissolved was made by the court, returnable before a referee on the 13th of February, 1897.   On the 13th of January, 1897, an election of directors was assumed to be held, and at the first meeting of such board of directors it was resolved to discontinue the dissolution proceedings, and, in pursuance of such resolution, the president, prior to the return day of the order to show cause in the dissolution proceedings, instituted in behalf of the corporation this application for the discontinuance of the proceedings for the voluntary dissolution of the corporation.   Upon the return day counsel for certain stockholders appeared, and objected to the discontinuance.   The attorney general also appeared, and objected on the ground that there were no proceedings to discontinue, because the so-called proceedings for the dissolution of the corporation were void, in that the petitioners neglected to give him notice thereof.   The motion was denied, and from the order thereupon entered this appeal is taken.

Much is said in the points of the respondents about the intervention of the stockholders in the dissolution proceedings, that they had filed appearances with the referee, and that, as they did not receive notice of this application for discontinuance, the application was irregular.   We have searched the record in vain to find any evidence whatever that any of the stockholders have filed such a notice of appearance as made them parties to the proceedings.   There is no evi-

dence that any one of the stockholders had filed with the clerk a notice of appearance in person or by attorney, as is necessary, pursuant to the provisions of section 2428 of the Code, in order that he shall become a party to the proceeding.    It is true that there is some indefinite allegation in regard to the referee having stated that some of the stockholders filed notices of appearance upon him, but, for all that appears, all those stockholders are represented on this hearing.

Some question is also made in regard to the regularity of the election of the directors who make this application.    But none of these questions seem to be of any importance, in view of the suggestion made by the attorney general that because of the failure to serve a notice upon him of the original application the court never acquired any jurisdiction to make the order to show cause, and the order in the court below denying the application to discontinue was right, because there was no proceeding in existence to discontinue.    It is evident that the amendment of the law of 1883 made in 1896 was overlooked, and that no notice was given to the attorney general because it was claimed that the corporation sought to be dissolved was solvent, and because it was thought that the provisions of the act of 1883 applied only to applications for the dissolution of insolvent corporations.    Under the amendment of chapter 378 of the Laws of 1883—being chapter 282 of the Laws of 1896—it seems to be necessary that notice of an application for the dissolution of a corporation should be given to the attorney general, whether such corporation is solvent or insolvent.    It seems to us that the suggestion of the attorney general forms a conclusive reason for the court vacating, even of its own motion, the order to show cause, which had been granted without jurisdiction.    We think that it cannot for a moment obtain that, because the court had no jurisdiction to grant the original order, it cannot, in pursuance of its inherent power, vacate upon its records an order which it had no power to make.    It would be a novel proposition that the court would have no power to vacate a judgment which had been inadvertently entered where it had not acquired jurisdiction of the parties in the manner prescribed by law.    The court, having assumed to act without authority, has the right to withdraw that assumption.    Therefore, when the attention of the court was called to the fact that one of the jurisdictional elements was missing, it was bound to set aside the proceedings, and not to permit its void order to remain and be acted under.

We think, therefore, that the court below should have granted the motion upon this ground, if for no other reason.    The order should be reversed, with $10 costs and disbursements, and the motion to vacate the order to show cause and to discontinue the proceedings granted, with $10 costs.    All concur.