WILLIAM H. WATSON

v.

THE LEGRAND ROLLER SKATING RINK COMPANY *et al.*

*Opinion filed December 21, 1898.*

1. PRACTICE—*filing petition for rehearing suspends operation of decree entered at same term.* The filing by a defendant corporation of a petition for rehearing at the same term at which a decree is entered .dissolving the corporation and appointing a receiver, and the continuance of the cause, on petition, to a subsequent term, suspends the operation of the decree, though in form final, and preserves the jurisdiction of the court over the decree.

2. EQUITY—*equity will not dissolve one corporation to benefit another.* Courts of equity will not lend their aid to the dissolution of a corporation, where the suit is instituted, not to protect the interests of the stockholders, but to benefit some other corporation.

3. SAME—*equity may go behind the nominal parties to the record.* In determining whether a proceeding for the dissolution of a corporation is properly invoked a court of equity may go behind the nominal parties to the record, and if it be discovered that the proceeding is being carried on for the exclusive benefit of an individual or a corporation it will be dismissed.

4. SAME—*attempted fraud upon the court is the ground for dismissing champertous proceeding.* A bill to dissolve a corporation, brought by a stockholder under a champertous agreement with the president of another corporation to wreck the former corporation and thus relieve the latter from liability under pending suits, will be dismissed by the court, not upon the ground of the champertous character of the agreement, but for the attempted fraud upon the court.

5. APPEALS AND ERRORS—*alleged errors not embraced in the assignment not considered.* An objection in a reply brief that the trial court improperly admitted certain affidavits cannot be considered on appeal, where no objection was made to their introduction and their admission is not assigned as error.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

This is a proceeding begun on October 17, 1890, by William H. Watson and Amos H. Perkins, stockholders, to wind up and dissolve the LeGrand Roller Skating Rink Company, a corporation, and to collect and distribute its

assets, under the provisions of section 25 of the statute in relation to corporations. The causes for dissolution charged in the bill are, that in June, 1886, the corporation ceased doing business, leaving debts unpaid; that the objects for which the company was organized had ceased to exist and that the business could not be carried on profitably; that there was no intention to resume business, and that while engaged in business the company exercised powers not conferred upon it by law, and had in other respects violated its duty. The corporation answered, joining issue, and on August 12, 1892, upon the hearing, the court entered a decree finding the facts substantially as charged in the bill, ordering that the corporation be dissolved, its debts paid and its affairs adjusted, and appointing a receiver to carry the order into effect. Upon the filing of this decree complainants filed amendments to their bill. On August 26 following, leave was granted the defendant to file a petition for rehearing, and that matter was continued to the September term. At the latter term (on November 5) an order was entered denying the rehearing, and directing "that the *interlocutory decree* entered herein on the 12th day of August, 1892, be and the same is hereby modified so as to permit all parties to amend their answers, and make such further answer to the bill herein filed as may be desired by them, and proper to be made for a just and appropriate final hearing of this cause by the court." On June 12, 1896, complainants filed a second amendment to the bill, making certain stockholders parties defendant, and on July 24 following, all the defendants were defaulted and the bill taken against them *pro confesso*. This default, however, was afterwards set aside.

On July 24, 1896, the LeGrand Roller Skating Rink Company and others filed pleas to the amended bill, averring that the complainants, Watson and Perkins, before the commencement of this proceeding had entered into a fraudulent and champertous agreement with one Charles

T. Yerkes authorizing him to take the necessary steps to dissolve this corporation at his own expense, and giving him all the profits to be derived therefrom, and further averring that at the time the agreement was entered into there was pending in the circuit court of Cook county a suit of the LeGrand company against the North Chicago City Railway Company, the North Chicago Street Railroad Company and Adam L. Amberg for the recovery of the possession of certain real estate which had been unlawfully seized by the last named parties; that Charles T. Yerkes was then, and ever since has been, the president and managing official in each of the corporations named, and that he caused this suit to be brought in the name of Watson and Perkins for the purpose of preventing the LeGrand Roller Skating Rink Company from successfully prosecuting its suit. This was the condition of the record when Watson, the sole complainant surviving, (Perkins having died and the suit having abated as to him,) moved for a sale of the assets of the LeGrand company and to strike defendants' pleas from the files, and when defendants moved to set aside the order of default entered on July 24, 1896, and to dismiss complainant's bill for fraud.

On August 16, 1898, a hearing was had and an order entered finding that this proceeding was not instituted and prosecuted in good faith by the ostensible complainants, but, in fact, was instituted and prosecuted by Charles T. Yerkes, as president of the railroad companies referred to, and in their behalf, for the purpose of enabling the street railroad companies to avoid payment of the amount found due from the latter to the LeGrand company in the pending suit in the circuit court; that the pretended purpose of this suit to collect and distribute the assets was false, and that the real purpose was to wreck the LeGrand company and thus relieve the street railroad companies from their liability; and the decree of August 12, 1892, was vacated, the receiver discharged and the bill

dismissed.    From this last decree of the superior court this appeal is prosecuted.

PENCE & CARPENTER, for appellant.

· JOHN WOODBRIDGE, and S. C. EASTMAN, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It is urged on behalf of appellant, first, that the decree entered August 12, 1892, dissolving the corporation and appointing a receiver, was final, and that the court had no power to vacate it on August 16, 1898; and second, that the pleas filed by the corporation and stockholders July 24, 1896, present no defense to the merits of the bill.

The first contention is not well supported.    While, in form, the decree of August 12, 1892, may have been final, the filing by the defendant of its petition for a rehearing at the same term at which the decree was rendered, and the cause being continued to a subsequent term upon that petition, had the effect of suspending the operation of the decree and of retaining jurisdiction over the subject matter at the subsequent term, and the court had the power, at the later term, to amend, alter, modify or vacate the decree.    *Hibbard* v. *Mueller*, 86 Ill. 256; *Hearson* v. *Graudine*, 87 id. 115; *People* v. *Springer*, 106 id. 542.

The second and chief question for our decision is presented by the pleas filed by the corporation and stockholders on July 24, 1896, setting up a champertous agreement between the complainant herein and Charles T. Yerkes, giving the latter authority to prosecute this proceeding, and thereby enable him to defeat a claim of the LeGrand Roller Skating Rink Company against the street railroad corporations of which he is president. Appellant does not attempt to deny the champertous nature of the agreement entered into, but contends that champerty is no defense except in a suit upon the champertous agreement by one of the parties thereto against

the other, and that third parties cannot take advantage thereof, and numerous authorities are cited in support of this position. A careful examination of the record in this case forces the conviction upon us that the agreement referred to is more than a mere champertous one,— that it is, in fact, a collusion between the parties thereto to enable Yerkes, as president of the street railroad corporations mentioned, to accomplish a purpose indirectly which he could not accomplish directly,—*i. e.*, to wreck the LeGrand company, and thus relieve his corporations from liability to it,—in other words, that the real purpose was not to preserve the assets of the LeGrand company, but to destroy them. The rule is well settled that courts of equity will not lend their aid to the dissolution of a corporation, or to enjoin or bring to an accounting the corporate directors, where the suit is instituted, not to protect, benefit and preserve the interests of the stockholders in the corporation, but to benefit some other corporation. The difficulty usually is to prove that the suit is instituted on behalf of some other person or corporation, but in this case we have the champertous agreement averred in the defendants' plea, and the uncontradicted affidavits of Sidney C. Eastman, one of the solicitors for the LeGrand company, that this suit was instituted and has been prosecuted by Yerkes, and that complainant, Watson, had stated to him that the suit was being conducted under contract with Yerkes. To determine whether a proceeding is properly invoked, a court of equity may go behind the parties on the face of the record to see who are the real parties to the proceeding, and if it be discovered that the prosecution is carried on for the exclusive benefit of an individual or corporation the court will dismiss the bill,—and this, not upon the ground that the proceeding may have been instituted in pursuance to a champertous agreement between the ostensible complainant and some third party, but because of the fraud that is attempted to be perpetrated upon the court. Cook on

Stockholders, (3d ed.) sec. 736; Thompson on Corporations, secs. 4567, 4568; Morawetz on Private Corp. sec. 260; *People* v. *General Electric Railway Co.* 172 Ill. 129.

Counsel for appellant, in their reply brief, insist that upon the hearing certain affidavits were improperly admitted in evidence and considered by the court, these affidavits containing facts material to the finding of the court upon the merits. It is stated by counsel for appellees that the affidavits were introduced by agreement, and that formal pleadings were waived in the cause. The record discloses no objection made at the time to the introduction of the affidavits in evidence, nor does the assignment of error filed here raise the question. This question not having been raised upon the hearing nor assigned as error here will not be considered by this court.

Upon a careful consideration of the entire record and the questions raised therein we are satisfied there was no error committed in dismissing the bill.

*Judgment affirmed.*