of the thing given. It was made with a view of the donor's impending death, and the donor died of the disease from which he was suffering. Grymes v. Hene, 49 N. Y. 17, 10 Am. Rep. 313; Champney v. Blanchard, 39 N. Y. 111; Ridden v. Thrall, 125 N. Y. 572, 26 N. E. 627, 11 L. R. A. 684, 21 Am. St. Rep. 758; O'Brien v. Elmira Savings Bank, 99 App. Div. 79, 91 N. Y. Supp. 364.

It is urged, however, on the part of the defendant, that the gift was not complete because the certificate of deposit was not indorsed by the intestate, and by its terms it was only payable when "properly indorsed." This provision in the certificate was inserted primarily for the protection of the bank in making payment, and not for the purpose of limiting the right of the holder of the certificate to transfer title to it by assignment or gift. For the purposes of a valid gift causa mortis, an indorsement of the certificate was not necessary. This is specifically held in the case of Westerlo v. DeWitt, 36 N. Y. 340, 93 Am. Dec. 517, citing Duffield v. Elles, 1 Bligh (N. S.) 497, 542; Brown v. Brown, 18 Conn. 410, 46 Am. Dec. 328; Bedell v. Carll, 33 N. Y. 581. It is followed in Ridden v. Thrall, 125 N. Y. 577, 26 N. E. 627, 11 L. R. A. 684, 21 Am. St. Rep. 758, where numerous other authorities are given.

In view of these well-established rules, this court can reach but one conclusion, viz., that the plaintiff is entitled to recover. Let judgment be entered accordingly, with costs of this action.

---

(64 Misc. Rep. 280.)

### In re AUTOMATIC CHAIN CO.

(Supreme Court, Special Term, Erie County. January, 1909.)

1. JUDGMENT (§ 382*)—VACATING—JURISDICTION OF COURT.

A court may vacate a judgment on the application of one in whose favor it was granted, or on the application of one whose rights are injuriously affected thereby.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 722; Dec. Dig. § 382.*]

2. CORPORATIONS (§ 610*)—DISSOLUTION—SETTING ASIDE—POWER OF COURT.

The court has the power in a proper case and on proper terms to set aside a final order dissolving a corporation on the motion of a stockholder and director not joining or appearing in the proceedings to dissolve the corporation.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 610.*]

3. CORPORATIONS (§ 610*)—DISSOLUTION—SETTING ASIDE—GROUNDS.

An owner of a majority of the stock of a corporation dissolved in proceedings in which he did not join or appear is entitled to an order setting aside the final order of dissolution on showing that the corporation was formed to manufacture an article under patents held by him, and that he had paid for his stock something over $29,000, and that the valid debts of the corporation did not exceed $500, on his executing a satisfactory bond conditioned on the corporation paying existing debts.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 610.*]

In the matter of the application of a majority of the board of directors of the Automatic Chain Company for a voluntary dissolution

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

of the company.  On motion to set aside a final order of dissolution.
Granted.

William B. Wright, Jr., and Lincoln A. Groat, for the motion.
Joseph G. Dudley, opposed.

WHEELER, J.  The Automatic Chain Company was incorporated
in June, 1907, for the purpose of manufacturing chains under certain
letters patent which are the principal assets of the company.  It was
hoped by the incorporators of the company to enlist sufficient capital
to enable the company to engage in the manufacture of chains; but
it appears that up to the present time the officers and promoters have
been unable to accomplish this end, and the company never in fact
established a plant.  Mr. Michael B. Ryan, the moving party, was the
inventor and holder of certain patents for manufacturing chains, and
Mr. Elwood Grissinger entered into negotiations with him which re-
sulted in the making of an agreement by which Ryan agreed to assign
his patents to Grissinger for $25,000 in cash and for 40 per cent. of
the common stock of a corporation to be formed.  The company was
formed, the $25,000 paid Ryan, and 40 per cent. of the common stock
of the company was issued to Ryan.  Ryan makes affidavit that Mr.
Grissinger agreed to raise by the sale of stock sufficient money to
properly finance the company, which he failed to do.  Grissinger denies
such agreement, but admits that he has failed to sell sufficient stock
to go on with the manufacturing enterprise.

There are certain allegations of bad faith on the part of Grissinger
in his dealings with Ryan and the company organized.  We shall not,
however, assume to deal with those questions on the disposition of this
motion.  It appears, however, that in August, 1908, a majority of the
directors of this company petitioned this court for an order dissolving
the corporation on the alleged ground that the company was insolvent
and the directors of the company had been unable to properly finance
the company.  Although Mr. Ryan was a director and a large stock-
holder of the company, he did not join with the other directors in the
proceedings to dissolve.  The proceedings, however, progressed so that
on the 10th day of November, 1908, a final order of dissolution was
made and entered.  Mr. Ryan in no way appeared in the proceeding,
but at once took action to acquire a control and majority of the out-
standing stock.  He purchased some 295 shares of the preferred stock
and some 158½ shares of the common stock, paying therefor over
$29,500.  With the stock thus purchased, taken in connection with his
prior holdings, Mr. Ryan now owns and controls a majority, not only
of all the outstanding preferred stock, but also a majority of the com-
mon stock.  He now comes into court and moves for an order vacating
and setting aside the final order of dissolution heretofore made.  His
affidavits tend to show that the valid debts and obligations of the cor-
poration are small, not to exceed perhaps $500 in amount; that there
are some other claims made against the company, but the validity of
these claims is disputed.  The moving party offers to give a bond, to be
approved by this court as to form and sufficiency of the sureties, con-
ditioned to protect any and all creditors of said company having any

valid and legal claims against the corporation by reason of vacating said final order of dissolution. In this application the petitioning creditors and the receiver of the company join.

The application is opposed by Mr. Elwood Grissinger, a comparatively small stockholder in the company. It is alleged by the moving party that he is now the owner of but 5 shares of the common stock. This allegation I do not understand is disputed by Mr. Grissinger; at least, I find nothing in the opposing affidavits challenging the statement. It would seem but equitable and just that the motion of Mr. Ryan should be granted, provided it may be legally done, and the interests of creditors and stockholders of the company protected. A proper bond will protect the creditors, whoever they may be. It would seem that a restoration of the corporation to its corporate rights and franchises would work injury to no one. We cannot conceive how stockholders can be prejudiced by such action. Certainly nothing of that nature has been shown by those opposing the application. The company was organized with a view of enlisting capital to engage in the manufacture of chains. The moving party has had sufficient faith in the merits of his invention and the ultimate success of the company to pay practically par for some 295 shares of the preferred stock. We think he fairly should be given an opportunity to put the company on its feet. That is for the interest of all stockholders, preferred as well as common. If the assets of the company are sold by and through a receiver, it would be remarkable if anywhere near the real value would be realized. It seems that Mr. Grissinger himself took that view when these proceedings were begun, and appealed to Mr. Ryan to stop them. If the assets are sold and distributed after the payment of the debts of the company, what is left, according to the terms of the articles of incorporation and the preferences therein given, will first have to go to the holders of the preferred stock, and the holders of the common stock would receive nothing on such a distribution until the holders of preferred stock have been paid in full. We think justice to the common stockholders demands the motion should be granted, if it can be legally done.

Upon that branch of the case counsel for Mr. Grissinger contends that the court possesses no power or authority to set aside the order; that the corporation is legally dead and cannot be given a new life. In this view we do not concur; but, on the contrary, we are of the opinion that the court may, in a proper case and on proper conditions, vacate the final order and dissolve the proceedings. Courts have always control of their own proceedings, and, where there is not express prohibition, may deal with them so that what is right and just may be reached. Matter of City of Buffalo, 78 N. Y. 370; McCall v. McCall, 54 N. Y. 541; Brown v. Brown, 58 N. Y. 609; Matter of Price, 67 N. Y. 231; Cooper v. Cooper, 51 App. Div. 597, 64 N. Y. Supp. 901; Matter of Bischoff, 80 App. Div. 327, 80 N. Y. Supp. 917; Weston v. Citizens' Nat. Bank, 88 App. Div. 336, 84 N. Y. Supp. 743; Matter of Henderson, 157 N. Y. 423–426, 52 N. E. 183; Hatch v. Central Nat. Bank, 78 N. Y. 487; Vanderbilt v. Schreyer, 81 N. Y. 646; Ladd v. Stevenson, 112 N. Y. 325, 19 N. E. 842, 8 Am. St. Rep. 748.

The court has the power to vacate and set aside an order or judgment on the application of one in whose favor such order or judgment was granted. Weston v. Citizens' Nat. Bank, 88 App. Div. 336, 84 N. Y. Supp. 743; Dietz v. Farish, 43 N. Y. Super. Ct. 87; Nat. Broadway Bank v. Hitch, 66 Hun, 401, 21 N. Y. Supp. 395. So persons whose rights are injuriously affected may move to set aside an order. Gould v. Mortimer, 26 How. Prac. 167; Landers v. Fisher, 24 Hun, 648; Goodell v. Harrington, 76 N. Y. 547. It has been held that directors of a corporation have the same right to stop proceedings for a dissolution as they have to institute them. Matter of David Jones Co., 67 Hun, 360, 22 N. Y. Supp. 318; Matter of Broadway Ins. Co., 23 App. Div. 282, 48 N. Y. Supp. 299.

It is true that in the two cases above cited the matter had not proceeded to final order of dissolution, but in the case of Sullivan Co. R. R. Co. v. Conn. River Lumber Co., 76 Conn. 464, 57 Atl. 287, the right to set aside a final order or judgment dissolving a corporation was exercised by the court. In the Matter of the Peekamose Fishing Club, 151 N. Y. 511, 45 N. E. 1037, while a final order was not in that case set aside, nevertheless the court in its opinion seemed to assume that in a proper case such an order could be made, and treat it as a matter appealing largely to the discretion of the court. See page 520 of 151 N. Y., page 1039 of 45 N. E. If the order is set aside and vacated, the status of the chain company would be as though it had never been granted. Farnsworth v. West. Union Tel. Co., 53 Hun, 636, 6 N. Y. Supp. 747; Chapman v. Dyett, 11 Wend. 31, 25 Am. Dec. 598; Deyo v. Van Valkenburgh, 5 Hill, 242; Simpson v. Hornbeck, 3 Lans. 53.

We think the motion should be granted on its merits, and for that reason have not considered the technical grounds raised. The motion, however, should be granted on the terms and conditions that the moving party first cause to be executed and filed, with the approval as to form and sufficiency by this court or a justice thereof, a bond in the penal sum of $15,000, conditioned that the said Automatic Chain Company will pay to any existing creditor of said company any debt or past demand which exists or may be finally established against said company by judgment of any competent court, in case the validity of said claim is disputed by said company.