# In re DISSOLUTION OF PACKER CITY TIRE & RUBBER COMPANY.

## (162 N. W. 897.)

(File No. 4054.  Opinion filed May 26, 1917.)

1.  **Corporations—Dissolution, Vacating an Order of, For Fraud, Remedy by Motion, Competency of.**

    A motion made in an original proceeding to dissolve a business corporation, to vacate an order of dissolution because obtained by fraud, is a proper proceeding, since a judgment void for want of jurisdiction may be vacated by a motion in the original action.  **Held,** further, that courts of record possess inherent power to vacate and set aside judgments obtained by means of fraud and deceit practiced upon the court in procuring said judgment.

2.  **Same—Dissolution—Jurisdiction, Fraud as Involving—Sunday Stockholders' Meeting—Failure of Majority of Stockholders, Directors, to Act—Fraud and Deceit as Grounds—Statute.**

    A motion to vacate an order dissolving a business corpora-

tion, on grounds that stockholders' meeting to sanction the dissolution was called to meet on Sunday, that two-thirds of the stockholders did not vote to dissolve, and that the application for dissolution was not signed by a majority of the directors, as required by Civ. Code, Sec. 446, establishes a case of fraud and deceit upon the trial court; and, the assumed jurisdiction having been acquired by fraud and deceit, was void, since jurisdiction cannot be acquired by fraud.

**3. Same—Dissolution of as Statutory Proceeding—Compliance With Statute, Necessity.**

The dissolution of a corporation is purely a statutory procedure, and the requirements of the statute must be complied with in order to confer jurisdiction to dissolve a corporation; referring to Civ. Code, Sec. 446.

Whiting, J., concurring specially.

Appeal from Circuit Court, Hughes County. Hon. JOHN F. HUGHES, Judge.

In the matter of the dissolution of the Packer City Tire & Rubber Company, a corporation. Upon motion to vacate a judgment of dissolution for fraud and deceit upon the court. From an order vacating an order and judgment of dissolution, certain stockholders and directors appeal. Affirmed.

*Harry A. Boissat,* and *Zell Guthrie,* for Appellants.

*Jay Reed,* and *Sutherland & Payne,* for Respondents.

(1) To point one of the opinion, Appellants cited: Code Civ. Proc., Sec. 151; Civ. Code, Secs. 466, 450; Kinkead v. Moriarty, (S. D.) 136 N. W. 101; T. W. Child & Co. v. Fuller & Johnson Mfg. Co., (S. D.) 141 N. W. 988.

Respondents cited: Beach v. Beach, 6 Dak. 371, 43 N. W. 701; Sturgis v. Dart, 23 Wash. 253, 62 Pac. 858; Phelps v. Heaton, 79 Minn. 483, 82 N. W. 990; York v. York, (N. D.) 55 N. W. 1095; Nichells v. Nichells, (N. D.) 33 L. R. A. 515, 64 N. W. 73; Beach v. Beach, 6 Dak. 371, 43 N. W. 701; Kohl v. Lilienthal, 6 L. R. A. 520, 523.

(2) To point two of the opinion, Appellants cited: Pen. Code, Secs. 42, 43; Civ. Code, Sec. 2461; People ex rel. Corrigan v. Society, 65 Barb. (N. Y.) 357; Slater v. Schack, 41 Minn. 269; Merritt v. Earle, 31 Barb, (N. Y.) 38.

Respondents cited: Dolgeville Electric Light & Power Co., 160 N. Y. 500; Pen. Code, Sec. 42; Helm v. Briley, 17 Okla. 314,

87 Pac. 595; St. Louis & S. F. R. R. Co. v. Swearingen, 123 Pac. 122 (Okla.); Twinn Valley Telephone Co. v. Mitchell, 113 Pac. 913 (Okla.); Am. & Eng. Ency. of Law, (2d ed.) Vol. 27, 394; State ex rel Anderson v. Falley, 83 N. W. 913.

(3) To point three of the opinion, Respondents cited: Civ. Code, Sec. 446, subd. 6; 10 Cyc. 303; Cook on Corporations, Vol. 2, Sec. 629, p. 1175; Watson v. Riller Skating Rink Co., 177 Ill. 203; Chamberlain v. Rochester, S. P. V. Co., 7 Hun 557 (N. Y.); In the Matter of Pyrolusite Manganese Co., 29 Hun (N. Y.) 429,; N. Y. Code Civ. Proc., 2419-2426.

McCOY, J. The Packer City Tire & Rubber Company is a corporation existing under the laws of the state of South Dakota. In May, 1915, certain stockholders and directors of said corporation made application to the circuit court of Hughes county for an order dissolving said corporation under the provisions of the statute relating to the voluntary dissolution of corporations. Thereafter on the 2d day of July, 1915, an order was made and entered dissolving said corporation. Thereafter on the 5th day of November, 1915, certain other stockholders and officers of said corporation moved the said circuit court to vacate and set aside the said order of dissolution theretofore made on July 2d, on the ground that said order of dissolution was obtained by fraud and misrepresentations practiced upon the court. Thereafter the circuit court made an order vacating and setting aside the said order of dissolution and restored said corporation to its corporate existence. From this last order vacating the former order of dissolution appeal has been taken by the parties who procured the first order.

[1] The question is raised that the circuit court had no jurisdiction to vacate the order of dissolution by means of a motion; that the only remedies then open to those who objected to said order of dissolution were by an appeal from said order or by a motion to open the default on the ground of mistake, inadvertence, or excuseable neglect. We are of the opinion that under the circumstances of this case a motion to vacate was proper. In Beach v. Beach, 6 Dak. 371, 43 N. W. 701, it was held that where a judgment is void for want of jurisdicton it may be vacated by a motion made in the original action. It seems to be generally held that courts of record possess inherent power

to vacate and set aside judgments obtained by means of fraud and deceit practiced upon the court in the procuring of such judgment. Freeman v. Wood, 11 N. D. 1, 88 N. W. 721; Kohl v. Lillienthal, 81 Cal. 378, 20 Pac. 401, 22 Pac. 689, 6 L. R. A. 520; Yorke v. Yorke, 3 N. D. 343, 55 N. W. 1095; Nichells v. Nichells, 5 N. D. 125, 64 N. W. 73, 33 L. R. A. 515, 57 Am. St. Rep. 540; Garr, Scott Co. v. Spaulding, 2 N. D. 414, 51 N. W. 867; Norton v. Atchison R. R. Co., 97 Cal. 388, 30 Pac. 585, 32 Pac. 452, 33 Am. St. Rep. 198, and exhaustive note 60 Am. St. Rep. 633. In this last cited case from California it is held that under the common-law rule courts of record always had the inherent power to set aside and vacate their own judgments on motion during the term at which the judgment was entered, but as there were no common-law terms known or in existence in California, the motion to vacate could be properly entertained within a reasonable time after the rendition of the original judgment. This decision was rendered under a provision of the Code of Civil Procedure to the effect that the superior courts (which correspond to our circuit courts) are always open for the transaction of court business, substantially the same as is provided by section 33 of our Code of Civil Procedure.

[2, 3] We are of the view that the facts disclosed on the motion to vacate the order dissolving said corporation were sufficient to sustain the proposition that said dissolution order was obtained by means of fraud and deceit; that the applicants for said order of dissolution did not in good faith truthfully show to the circuit court such facts as would authorize or give the court jurisdiction to make said order for dissolution. Section 446 of the Civil Code provides the manner and condition upon which the court may dissolve a corporation upon the voluntary application of its stockholders and officers. This is purely a statutory procedure, and the requirements thereof must be complied with in order to give the court jurisdiction to dissolve a corporation. In order to confer jurisdiction upon the court to order dissolution it must be shown that at a legal meeting the stockholders had voted by a vote of two-thirds to voluntarily dissolve such corporation. The application for such dissolution must be signed by a majority of the board of directors, and the statute further declares that if all the statements contained in the application

are shown to be true the court must declare the corporation dissolved. It appears in this case that the call for the meeting of stockholders for the purpose of considering dissolution designated the 25th day of April, 1915, as the time for holding such meeting. It appears that said date was on Sunday. None of the stockholders of said corporation were legally bound to appear and attend such meeting. It also appears that two-thirds of the stockholders never did vote to dissolve said corporation, and that the applicaton for such dissolution was not signed by a majority of the directors, and as a matter of fact there was no truth in the material statements of the application upon which the court based the order for dissolution. In this case the fraud and deception goes to the very question of jurisdiction, and we are of the view that jurisdiction cannot be acquired by fraud. The attempted or assumed jurisdiction having been acquired by fraud and deception was void and constituted no jurisdiction at all. The jurisdictional facts never existed. We are of the opinon that the motion to vacate was properly granted. The following authorities sustain this view: 10 Cyc. 1303; Cook on Corporations, vol. 2, § 629; Watson v. Roller Skating Co., 177 Ill. 203, 52 N. E. 317; Chamberlain v. Rochester Co., 7 Hun (N. Y.) 577; In re Pyrolusite Co., 29 Hun (N. Y.) 429; In re Dolgeville Light Co., 160 N. Y. 500, 55 N. E. 287; In re Halle's Estate, 121 Cal. 125, 53 Pac. 429; In re Hawgood, 159 N. W. 117.

The order appealed from is affirmed.

WHITING, J. I concur in holding that motion was the proper procedure to obtain the end sought. It seems to me that one reading the majority opinion might infer that this court was of the opinion that, owing to the fraud practiced thereon, the trial court never obtained jurisdiction. I am of the opinion that through fraud, the trial court was led to assume jurisdiction and to issue an order through which it acquired jurisdiction to render the order of dissolution. I am therefore of the opinion that the trial court rightfully vacated the order, not because of want of jurisdiction, but because of the fraud upon which its jurisdiction rested.