Isaac C. Elston, Jr., et als *vs*. Elston and Company

Cumberland.        Opinion, April 13, 1932.

150

*Verrill, Hale, Booth & Ives,*
*Skelton & Mahon,* for complainant.
*Donald W. Philbrick,* for Elston & Company.
*Cook, Hutchinson, Pierce & Connell,*
*Doherty, Rumble, Bunn & Butler,*
*Kirkland, Fleming, Green & Martin,* for intervening petitioner.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, JJ.

PATTANGALL, C. J.   Equity. On appeal. Cause heard below on intervening petition of Twohy Brothers Company and answer thereto.

The facts found by the sitting Justice and about which there seems to be no dispute are as follows:

"August 18, 1924, a bill in equity was filed in accordance with the provisions of Sec. 89, Ch. 51, Rev. Stat. 1916, as amended, for the dissolution of the defendant corporation. The bill was brought by all of the stockholders of the corporation which included the president and the treasurer, but it appears by the bill that Isaac Elston, Jr., the president, had assignments from the others of all of their stock interest. The bill alleged under oath that 'there are no existing liabilities against the corporation of any kind or character whatsoever.' The prayer was that the corporation be dissolved and its assets be distributed to Isaac Elston, Jr., who held all of the

capital stock either as registered owner or by assignment. An answer signed by the clerk was filed admitting all of the allegations of the bill, and accompanying it was an affidavit from the treasurer listing the assets and setting forth the fact that there were no liabilities. September 3, 1924, after a hearing on bill and answer, a decree was filed which found as a fact that there were no liabilities and ordered the dissolution of the corporation as prayed for. Such proceedings were had without further notice to anyone. A trustee was appointed who was ordered to transfer the assets to Isaac C. Elston, Jr. The trustee performed his duties and was discharged October 22, 1924.

It now appears that on July 12, 1924, over a month before the filing of the bill for dissolution the corporation in question together with a number of other defendants was sued in the District Court of the United States for the Northern District of Illinois, Eastern Division, by the intervening petitioner herein. July 22, 1924, Isaac Elston, Jr., the principal plaintiff in the bill for dissolution, was served with the papers in such suit, in which damages were claimed in the sum of $250,000. An appearance was entered and the corporation, even after its dissolution, took part in the defense of the action and in the trial thereof which was held in the summer of 1931. August 18, 1931, a verdict for the plaintiff was returned in the sum of $275,000. The intervening petition now before this court alleges that as a bar to the judgment on such verdict there is reason to believe that the decree dissolving the defendant corporation is about to be set up, and prays that the decree of dissolution may be set aside, and declared null and void and of no effect. No question is raised as to the propriety of the decree of dissolution except in so far as its validity is affected by the erroneous allegations in the original bill with respect to the nonexistence of liabilities of the defendant."

These facts being determined, the following decree was made:

"This cause came on to be heard on January 14, 1932, on the Intervening Petition of Twohy Brothers Company and the Answer thereto of Isaac C. Elston, Jr., Joseph N. McCallum,

Harlow W. Brown and Herbert I. Markham, and was argued by counsel and thereupon, upon consideration thereof, it is

ORDERED, ADJUDGED and DECREED that the decree dissolving the defendant corporation, said Elston & Company, heretofore entered in this Court on September 3, 1924, be and the same hereby is vacated and declared null and void as of September 3, 1924, the said date of its entry."

The case comes forward on appeal from this decree by plaintiffs in the original case, who answer the intervening petition as respondents thereto.

The record shows that not only did plaintiffs in the original bill, comprising all of the officers, directors and stockholders of the defendant corporation, make oath that it had no existing liabilities but that the corporation in its answer admitted the truth of the statement but that in the course of the proceedings defendant's treasurer filed a separate sworn statement that "he was familiar with all the financial affairs and transactions of said Elston and Company and that said Elston and Company has no debts or liabilities of any kind or character whatsoever."

The case was presented to the Court by Maine attorneys of unquestioned integrity, who were wholly unaware of the falsity of these statements; and the presiding Justice accepted them at their face value.

A decree dissolving the corporation, "it having appeared to the Court that the allegations in the bill are true" and "it having appeared to the Court that the corporation has no liabilities," was filed on September 3, 1924. In the same decree a trustee was appointed who was ordered to deliver the assets of the corporation, valued in excess of $500,000 to Isaac C. Elston, Jr. The trustee having complied with the order of the Court and so reported, a decree was filed on October 22, 1924, accepting his report, discharging him as trustee, and containing this paragraph: "3. This bill is retained for further proceedings if necessary." Because of this last provision, the bill still stands on the docket of the equity court in the county in which it was entered.

The basis of the decree from which this appeal is taken is that the original decree for dissolution was procured by fraud. Appellants admit the facts stated but deny the imputation of fraud. In their brief they assert that there was no "intentional withholding of information from the Court" and that the failure to correctly inform the Court as to the real situation was "wholly inadvertent" and was due to Mr. Elston's "misunderstanding or misconception of the legal effect of the assumption by another corporation of the liabilities of Elston and Company."

If it were possible to do so, we would be only too pleased to adopt this charitable view of the misrepresentations made by plaintiffs to the Court in the original case; but it would strain our credulity to assume that experienced business men believed it to be a matter of no importance that the corporation of which they were officers had been made defendant in a case involving a quarter of a million dollars or that they seriously believed that the agreement on the part of another to assume the liabilities of the corporation released it until and unless the arrangement had been acceded to by its creditors.

Counsel engaged by Elston and Company appeared in defense of the action brought against it and others in behalf of Twohy Brothers Company and participated in the proceedings in that case for seven years without informing plaintiff that the company had been dissolved or that it relied on its co-defendants to protect it from payment of any judgment which might be recovered. Not until the case had gone against it and joint liability of defendants established, was the point raised and then not only for the purpose of preventing the intervenor from enforcing the judgment against Elston and Company but to prevent its enforcement against the co-defendants upon whom Elston and Company relied to pay the debt. In view of this course of conduct, it is impossible to escape the conclusion that a fraud was practiced on the Maine court in 1924 and that unless some means may be found to remedy the situation, the effort to make the Court an innocent participant in a fraud on the intervenor will be successful.

Appellants raised no objection to the decree permitting intervention. Counsel agree in the brief that the granting of such leave

is discretionary but assert, what is unquestionably true, that granting such leave after final decree is unusual.

To authorize intervention at such a stage, it must appear that the interest of the intervenor is direct and immediate, *Caldwell* v. *Trust Co.*, 26 Fed. (2nd), 218; that there are cogent reasons for the intervention in order that justice may be done, *Matthieson* v. *Craven*, 247 Fed., 223; and that granting the leave is necessary to preserve some right which can not otherwise be protected, *U. S.* v. *Northern Securities Co.*, 128 Fed., 810. These conditions appear to have been fully met in the instant case. In fact we can not readily conceive of a case wherein the discretionary power of the court to permit intervention after final decree could be more wisely exercised.

Appellants insist, however, that although it was within the authority of the sitting Justice to grant leave to intervene, it was not within his authority to grant the relief prayed for.

Starting with the proposition that a decree of dissolution is a final decree, it is argued that such a decree can only be vacated by appeal or bill of review. Assuming but not deciding that the premise is correct, we do not agree with the conclusion.

Appellants rely upon *Parsons* v. *Stevens*, 107 Me., 65, and on various citations from *Whitehouse on Equity Practice* as authority for this proposition. *Parsons* v. *Stevens*, supra, as we understand it, stands for no more than the familiar rule appearing in *Whitehouse on Equity Practice*, Sec. 526, that "after final decree has been signed, filed and entered, errors involving the merits of the case can not be corrected by rehearing on motion or petition, the only remedy is by appeal, bill of review or the statutory petition for review."

The rule is somewhat modified by the following statement in the same section that "the court will, on petition, amend its decree, after entry and in a material point, when the amendment is necessary to give full expression to its judgment and is matter which would have been incorporated in the decree when made if attention had been called to it but which was omitted inadvertently"; and the seemingly rigid language in the earlier paragraphs of the opinion in *Parsons* v. *Stevens*, supra, is somewhat relaxed by the fol-

lowing qualification: "In cases where a manifest injustice in a final decree is alleged and the remedy by appeal or review has been lost without fault of the injured party, it may be that an equity court has inherent power upon due petition and notice to open the decree so far as to correct the injustice alleged and proved." This exception to the general rule is directly applicable to the instant case.

There is abundant authority for the proposition that an order of dissolution of a corporation obtained by fraud or deceit may be set aside. *In re Packer City Tire and Rubber Co.* (S. D.), 162 N. W., 897; *In re Automatic Chain Co.*, 118 N. Y. Supp., 542; *In re Newbrough et al*, 254 Mich., 570, 236 N. W., 234; *Sullivan County R. R.* v. *Conn. River Lumber Co.*, 76 Conn., 464, 57 Atl., 287; *Ensign Oil Co.'s Dissolution*, 85 Pa., Super. Ct., 527; *Zimmerman* v. *Puro Coal Co.*, 286 Pa., 108, 133 Atl., 34.

Grounds for setting aside the order of dissolution are fraud on the part of petitioners or the existence of circumstances showing that a setting aside of the order of dissolution would be in the interest of substantial justice. A creditor having an interest in the maintenance of the security for the payment of his debt may apply to have an order for dissolution of the corporation set aside. It is not necessary that he should have been a party to the dissolution proceedings; and it has been held that not only a creditor but anyone whose rights will be injuriously affected if the order of dissolution is not set aside may make an application for that purpose. 14A C. J., 1133, and cases cited.

To hold any different doctrine than that a court in equity misled by the fraud of one party into entering a decree, final or otherwise which worked injury to another, could, when apprised of the fact, annul its decree and in so far as possible correct the wrong, would violate every principle not only of equity but of common honesty. If fraud once having gained a temporary advantage must retain it permanently, courts would so fail of their purpose as to merit contempt.

Appellants base an argument, more ingenious than ingenuous, on the proposition that the decree of dissolution was not based on any mistake of fact. It is urged that under the provisions of Sec. 89, R. S. 1916, as amended by Chap. 13, P. L. 1923, the statute in

force when the decree of dissolution was entered, stockholders had a right to vote a dissolution and by Bill in Equity make the vote effective regardless of whether or not the corporation had existing liabilities, and that therefore the false statement contained in the original bill concerning liabilities was unnecessary and, if we apprehend the position of counsel correctly, may be treated as surplusage. It is contended that the Court was compelled, provided the proceedings were regular in form, to decree dissolution; hence the statement complained of did not in any way affect the action of the court.

The answer to this position seems to us to be that, admitting the right to dissolve the corporation, the conditions under which the dissolution was to proceed were an integral part of the dissolution itself and were of utmost importance to all parties concerned, especially to creditors.

The decree of September 3, 1924, which was vacated by the decree appealed from, as has been noted, not only dissolved the corporation but appointed a trustee and directed him to pursue a course of conduct entirely inconsistent with the rights of creditors. It is not necessary to attack that decree piecemeal, to pick out the portion which might be justified and the part which might not be justified. It must be taken in its entirety, and as a whole it works injustice on the intervenor.

It is suggested that a wrong method has been pursued by petitioner, that an original bill should have been brought, or that a statutory bill of review might have been appropriate. As for the latter remedy, the time for review has passed. As for the former, the courts of Maine have no jurisdiction to entertain a bill brought by intervenor, an Oregon corporation, against Elston and Company so long as the decree of dissolution remained in effect. The remedy sought was the only remedy available.

The last defense set up is that of laches. Laches can not be predicated on passage of time alone. "There can be no laches in failing to assert rights of which a party is wholly ignorant, and whose existence he had no reason to apprehend." *Halstead* v. *Grinna*, 152 U. S., 412. "The cases on laches proceed on the assumption that the party to whom laches is imputed has knowledge of his

rights and an ample opportunity to establish them in the proper forum." *Galliher* v. *Cadwell,* 145 U. S., 368.

Intervenor acted promptly as soon as it learned the true facts. If it slept on its rights, it was lulled to sleep by the attitude taken by appellants. The record shows that the service of the writ, in which intervenor was plaintiff and Elston and Company defendant, the latter corporation entered an appearance and in lieu of pleading its dissolution employed counsel and participated in resisting judgment for seven years. Intervenor was justified in believing that Elston and Company was still in existence even though its physical assets had been sold to another defendant and it had ceased to function as a business concern. It was not unreasonable to assume, in the words of Justice Cardozo in *James & Company* v. *Insurance Co.,* 37 A. L. R., 723, commenting on a somewhat analogous situation, that "the shades of dead defendants do not appear and plead."

It is suggested in appellants' brief that if the position of the court below is sustained, the decree should be modified to protect the rights of innocent third parties who may have acquired through Mr. Elston assets formerly owned by the company, the title to which would fail if it should now be decreed that there was no legal conveyance of these assets to him. Counsel for Twohy Brothers Company signify their consent to such modification. We see no reason for changing the decree. Mr. Elston holds the assets conveyed to him in trust for the corporation and incidentally its stockholders and creditors. The record discloses no innocent purchasers thereof. If such should appear, their rights may be determined in appropriate proceedings. At the present time the duty of this court is fulfilled by the issuance of the mandate,

> *Appeal dismissed.*
> *Case remanded to court below*
> *for further proceedings.*