In Re F. E. SCHUNDLER FELDSPAR CO., INC.,
Dissolution

(19 N. W.2d 337.)

(File No. 8785. Opinion filed June 26, 1945.)

**J. H. Bottum, Jr.,** of Rapid City, for Appellants.

**H. F. Fellows,** of Rapid City, and **M. F. Dudley,** of Custer, for Respondent.

RUDOLPH, J. █ On June 22, 1943, the trial court entered a judgment of dissolution which purported to dissolve the F. E. Schundler Feldspar Co., Inc., a corporation. This proceeding is brought by Stasia McReynolds and seeks to have the order of dissolution set aside for the alleged reason that the trial court was without jurisdiction to enter such order. Stasia McReynolds appears as a creditor of the corporation, and bases her claim as a creditor upon the death of her husband which was sub-

sequent to the order of dissolution; she alleges that her husband's death was due to the negligence of the corporation, at a time when her husband was an employee. We are of the opinion that these facts give her an interest sufficient to maintain this proceeding. 19 C. J. S., Corporations, § 1693; Elston v. Elston & Co., 131 Me. 149, 159 A. 731. The trial court set aside the order of dissolution and the corporation has appealed.

The basis upon which the trial court set aside the order of dissolution is that at the time of filing the application for dissolution there were outstanding claims against the corporation and such fact appeared affirmatively in the application made to the court for dissolution. The application for dissolution in part stated that the income taxes owing by the corporation from January 1st, 1942, until the 17th day of August, 1942, the date the application was prepared, were not paid, but that the corporation would seek to pay the same before the hearing upon the application. It further appeared from the application that there was a pending suit against the corporation upon a claim which the corporation disputed. The application was made on September 3rd, 1942, and the court fixed the date of hearing thereon for the 19th day of October, 1942. Hearing upon the application was postponed until June 22, 1943, at which time it appears from the finding of fact of the trial court that the income taxes of the corporation had been paid and the pending suit referred to in the application had been settled and dismissed on its merits.

It is the contention of the respondent that unless it appears from the application for dissolution that all claims and demands of the corporation have been paid the court to which the application is presented is without jurisdiction to conduct the dissolution proceedings. Appellant contends that all that is necessary to give the court jurisdiction to enter a judgment of dissolution is that it appear that all claims and demands of the corporation have been paid at the time the judgment of dissolution is entered.

We set forth the applicable portions of the statute providing for a voluntary dissolution of a corporation, SDC 11.0902:

"Voluntary dissolution of a private corporation may be effected in the following manner:

"A special meeting of the stockholders or members must be called and held for the purpose. To institute voluntary liquidation, a resolution for that purpose must be adopted by an affirmative vote of not less than two-thirds of the outstanding stock, if a stock corporation, or not less than two-thirds of the members of other corporations. No such voluntary liquidation shall be authorized until all outstanding claims and demands of every kind against the corporation have been satisfied and discharged.

"Upon the adoption of such resolution, a written application shall be made by the corporation, in its corporate name, signed by a general officer and the majority of the directors, and verified by any general officer of the corporation. Such application shall have attached to it a certified copy of the resolution above mentioned, duly certified by the officer of the corporation having custody of the records, and shall state generally the calling of the stockholders' meeting, the action thereof, and that all claims and demands of the corporation have been paid and that the corporation desires to dissolve and liquidate and shall state such other facts as the applicant deems necessary. Such application shall be filed in the office of the clerk of the Circuit Court in and for the county in which the prinicipal office and place of business of the corporation is located.

"If the application conforms to this chapter, the Court shall, by order, fix a time and place of hearing and direct notice to be given * * *."

This court held in the case of In re Dissolution of Packer City Tire & Rubber Co., 39 S. D. 48, 162 N. W. 897, that the procedure for the voluntary dissolution of a corporation is purely statutory and the requirements of the statute must be complied with in order to give the court jurisdiction to dissolve the corporation. This holding was adhered to in case of Farmers Union Co-op. Brokerage v. Palisade Farmers Union, S. D., 7 N. W.2d 293. The obvious reason for the rule is that a corporation is purely a creature of statute and that it is for the Legislature to determine the means of its dissolution. If the Legislature provides for the con-

tent of the application for dissolution and makes an application in conformity with its requirements a condition precedent to any action by the court, this court must respect such action of the Legislature and give effect thereto. Our concern is whether the Legislature has required as a condition precedent to action by the court the filing of an application showing that all claims and demands against the corporation have been paid. We are not concerned with the advisability of such requirement, if made, but understandable is the desire of the Legislature to place every safeguard around the creditors of a corporation which it has brought into the world and empowered to transact business. If, in deference to its obligation to protect the creditors of the corporation, the Legislature requires that claims be paid before the application for dissolution is filed and that the application show such payment, certainly this court should not write out of the statute such requirement.

 : The statute does in express words provide that the application for dissolution shall state "that all claims and demands of the corporation have been paid." The statute, moreover, makes the filing of an application which conforms to the requirements fixed therefore as necessary before the court proceeds with the subsequent steps for dissolution. As indicated above, we think it clear that one of the most, if not the most, important requirement upon dissolution relates to the payment of creditors, and we are of the opinion that any requirement of the Legislature in regard thereto should be regarded as mandatory unless it clearly appears otherwise. The statute provides that the application "shall state * * * that all claims and demands of the corporation have been paid", there are no qualifications, and in view of the importance which we are convinced the Legislature gave to this requirement we hold that it is mandatory. It follows that the application did not conform to an essential and mandatory requirement of the statute, and, in the words of the statute, it is only, "If the application conforms to this chapter," that the court shall proceed with the dissolution. We are of the opinion that absent a showing in the application that all claims and demands have been paid, and in view of the affirmative showing in the applica-

tion to the contrary, the application did not conform to the chapter and the court was without authority to proceed with the dissolution.

The order appealed from is affirmed.

All the Judges concur.