STATE ex rel. DENU, Appellant, v. RAPID CITY LIBRARY
ASSOCIATION, Respondent.

(142 N. W. 973.)

1. **Corporations—Forfeiture of Charter—Non-user—Sufficiency of Evidence.**

In a proceeding by the state in nature of quo warranto, to annul the charter of defendant corporation for non-user, held, the evidence shows the corporation had ceased for many years to exercise the powers incident to the purposes for which it was created, and a finding by the trial court to contrary is wholly unsustained by the evidence.

2. **Misuse of Franchise Powers—Leasing Library Building.**

Where a corporation was chartered for the purpose of opening to the public a reading room in a city and furnishing and supplying same with books, papers, and periodicals, held, the leasing by it of part of its building for shows, entertainments, and public meetings was not a violation of its charter powers, since such use of its building was a method of obtaining funds for maintaining and supplying the reading room.

3. **Library Corporation—Non-user of Franchise.**

Where a corporation organized to maintain a public library and reading room had, for a number of years, no librarian, procured no new books or periodicals, and practically loaned no books, although having ample funds for those purposes, the mere fact that the books not lost were, after removal from its building, placed in the library of a technical school a mile from the post office and distant from the more populous part of the city, where they were sometimes used by students of the school for reference purposes, and could still be used by members of the association, did not constitute the maintaining of a public library pursuant to its charter.

(Opinion filed September 8, 1913.)

Appeal from Circuit Court, Pennington County. Hon. LEVI McGEE, Judge.

Action in the nature of quo warranto by the State of South Dakota, on the relation of Albert R. Denu, State's Attorney for Pennington county, against the Rapid City Library Association, a corporation, to annul its charter for non-user. From a judgment in favor of defendant, and from an order denying a new trial, plaintiff appeals. Reversed and remanded, with directions to trial court.

*Albert R. Denu*, State's Attorney, and *Schrader & Lewis*, for Appellant.

It was a willful misuse of defendant's charter and usurpation of power when it removed its books and book cases, remodeled the building into a theater and continued thereafter solely as a commercial venture for profit. From that time it was violating the law of its being. People v. Stamford, (Cal.) 18 Pac. 85; People v. Pullman Palace Car Co., 175 Ill. 16, 51 N. E. 664.

Where a corporation has violated the laws of its existence by mis-user, non-user, or abuse of its power, its charter may be vacated and existence annulled by a civil action in the nature of quo warranto. Secs. 570-571, Code Civil Procedure; Wright v. Lee, 4 So. Dakota, 246; State v. Lumber Co., 24 S. D. 164.

The evidence conclusively shows that the defendant since 1903 has willfully failed to maintain a reading-room in Rapid City, and that during that same time it has carried on a business not authorized by its charter.

*Buell & Gardner,* for Respondent.

The building known as Library Hall has always been used for public meetings, theatricals, etc., since its construction, now some thirty years ago. The by-laws of the association expressly authorized the manager to lease the building for the purpose of deriving revenues for the maintenance of the association.

SMITH, J. [1] This is a proceeding in the nature of quo warranto in the name of the state against the defendant corporation, seeking to enjoin its officers and agents from exercising corporate rights and franchises and to annul and vacate its charter and articles of incorporation. The complaint also asks the appointment of a receiver for conservation of the corporate property, the payment of debts, and a decree of the court that the corporate assets be devoted to some appropriate use. Article 2 of the charter is as follows: "This organization is organized for the purpose of opening to the public a reading room in the said town of Rapid City, Pennington county, D. T., and furnishing and supplying the same with books, papers and periodicals as the said association may from time to time direct."

The complaint alleges that for some nine years last past the corporation, though possessing means and having the ability so to do, has willfully, and in violation of its charter and the purposes of its corporation, failed, neglected, and refused to keep open or maintain a public reading room in the said city of Rapid City, or

to furnish books, papers, magazines, periodicals, or other reading matter therefor, or to exercise in any manner the franchises and privileges conferred upon it by law, or to transact any business within the scope or power of its organization, and has thereby forfeited its privileges and franchises by failing to exercise its powers. Other grounds of forfeiture are also pleaded, but, in the view we take of this appeal, it is unnecessary to consider them. Trial was had to the court, which made findings of fact and conclusions of law favorable to the defendant.

Plaintiff appeals, alleging, with appropriate specifications, insufficiency of the evidence to sustain the findings. The ninth finding is as follows: "The court finds that, ever since the day of the defendant's organization, it has and does now maintain in said city of Rapid City a reading room and has furnished and supplied the same with books, magazines, papers, and periodicals, which reading room and library has been open to the public who become members of the association or pay the annual dues required by the by-laws of the association. * * *" The balance of the finding is immaterial to matters considered in this opinion. Other findings of the trial court, together with practically undisputed evidence in the record, disclose the following facts, namely: That the corporation was organized on the 24th of January, 1881, and adopted by-laws under which members were admitted upon the payment of $1 as membership fee, together with an annual fee of $3, and that persons not members might become entitled to the privileges of the association upon payment of annual dues of $4; that during the years 1881 to 1886, inclusive, the corporation was carrying on the business for which it was organized and acquired title to certain real estate in the city of Rapid City, upon which, in the year 1882, it caused to be erected a frame building, 32 by 85 feet, and furnished the same with chairs, tables, bookcases, curtains, and stage equipments, together with about 600 volumes of books, and numerous papers, magazines, periodicals, and reading matter; that from the time the building was erected for a period of about two years a portion thereof was used as a library room and the balance of the building for entertainments of different kinds, such as private theatricals, dances, lectures, political meetings, and the like, which uses of said building for the purposes named, except library room, was continued up to the time

of the institution of this action; that in the year 1900 the corporation removed its entire library and bookcases from said building; that the bookcases were removed for safe-keeping, and used in his private business, by one of the officers of the association; that for one or two years, at the beginning, a librarian was employed who kept the library room open one or two evenings of the week for the accommodation of members; that thereafter no librarian was in attendance for accommodation of members up to 1900, when the books not scattered and lost were removed to a library room in the State School of Mines, situated about one mile from the post office and away from the more populous portion of the city; that no books have been since added to the library and no magazines or other like current publications or papers or other reading matter have been bought or furnished for the use of patrons or members; that no books have been loaned to or used since 1902 or 1903 by any members of the corporation or other persons, except for reference purposes by persons connected with the School of Mines; that at the time of the trial the sum of $790.34 was in the corporate treasury, and some $1,000 had theretofore been spent for repairs on the library building. From these facts, we think it plainly apparent that the corporation, for at least 9 or 10 years, has entirely ceased to furnish and supply "books, papers, and periodicals" for a public reading room in the town of Rapid City, and that the library books theretofore purchased by the association have ceased to be used by members or others entitled to use them under the by-laws of the association. It follows that the corporation and its members have thus wholly failed to exercise its powers as to the matters fundamental to the purposes for which it was organized.

[2] The leasing of its building for shows, entertainments, and public meetings we think was not in violation of its charter. Such use was incidental to the main purpose for which the association was organized, as it merely constituted a method of obtaining funds for maintaining and supplying a public reading room and was not a misuse of its corporate powers or property. We are clearly of opinion, however, that the ninth finding of fact above set forth is not only contrary to the preponderance of the evidence but is wholly unsupported by and is contrary to the undisputed evidence in the record.

Section 571, Code of Civil Procedure, provides that: "An action may be brought by any state's attorney, in the name of the state, on leave granted by the Circuit Court, or judge thereof, for the purpose of vacating the charter or the articles of incorporation, or for annulling the existence of a corporation other than municipal. * * * (3) Whenever it shall have forfeited its privileges or franchises by failure to exercise its powers."

We are of opinion that, under the evidence in this case, the defendant corporation has for a considerable period of years preceding the institution of this action wholly failed to exercise the powers incident to the only real purpose of its organization, namely, the furnishing and supplying of a public reading room in the town of Rapid City with books, papers, and periodicals for the use of its members and of such other persons as might desire to comply with the requirements of its by-laws and obtain the use of such books, papers, and periodicals, although it has had ample funds in its treasury for such purposes.

[3] The fact that the books purchased by the association many years ago have been placed in the library room of the School of Mines, and that members may still have access to them there, cannot be considered such maintenance of a public library as contemplated when the association was organized, particularly in view of the fact that members have ceased for years to make use of the books in the library. We deem it unnecessary to consider or discuss other questions sought to be raised on this appeal.

The judgment herein must be reversed, and, it being clear that a new trial of the issues herein could avail defendant nothing, the cause is remanded, with directions to the trial court to enter a judgment in accordance with the prayer of plaintiff's complaint.