STATE ex rel McCOY et al, Respondents, v. FARMERS'
CO-OP. PACKING COMPANY et al, Appellants.

(211 N. W. 602.)

(File No. 6245.    Opinion filed December 31, 1926.)

1. **Appeal and Error—Only Question as to Jurisdiction of Subject-matter of Proceedings for Dissolution of Corporation and Defendant's Person Held Presented by Assignment of Error (Supreme Court Rule 4).**

   Assignment that court had no jurisdiction, as shown by record, to dissolve bankrupt corporation, under Supreme Court rule 4, presented only question whether court had jurisdiction of subject-matter of action and person of defendant.

2. **Corporations—Circuit Court Had Jurisdiction of Proceedings to Dissolve Corporation by Service of Process and Defendant's Appearance (Rev. Code 1919, §§ 2782, 2783, as Amended by Laws 1919, c. 289, §§ 2, 3).**

   Circuit court, by virtue of Rev. Code 1919, §§ 2782, 2783, as amended by Laws 1919, c. 289, §§ 2, 3, had jurisdiction of subject-matter of proceedings to dissolve bankrupt corporation, and of person of defendant by service of process and by defendant's appearance in action.

3. **Appeal and Error—Assignment that Judgment in Proceedings for Dissolution of Corporation Was Entered in Collusion Held Insufficient as Not Pointing Out Error.**

   Assignment that judgment dissolving corporation was entered in collusion and fraud between plaintiffs and defendant asserts error, but is insufficient in not pointing it out.

4. **Corporations—Courts—Refusal to Vacate Judgment Dissolving Corporation for Claimed Fraud and Collusion Held Not Abuse of Discretion.**

   No abuse of discretion shown by trial court in refusing to vacate judgment dissolving corporation, claimed result of collusion and fraud, there being no showing of fraud as alleged, and parties alleging fraud having been found by trial court to have fraudulently used proxies in voting against dissolution.

5. **Appeal and Error—Inserting General Finding in Judgment Dissolving Corporation that All Allegations of Complaint Were True Held Not Reversible Error.**

   That court included in judgment requiring dissolution of bankrupt corporation a general finding that all allegations in the complaint were true held not reversible error.

6. **Bankruptcy—Jurisdiction—Circuit Court Had Jurisdiction to Dissolve Bankrupt Corporation Without Obtaining Consent of Federal Court, and Without Joining Trustee in Bankruptcy.**

Circuit court had jurisdiction to dissolve bankrupt corporation without first obtaining consent of federal court and without joining trustee in bankruptcy as party defendant, there being no conflict between judgment of dissolution and authority of bankruptcy court, and distribution of assets, after dissolution, being required to await turning over of assets by bankruptcy court.

7. **Bankruptcy—Bankruptcy Adjudication Does Not Dissolve Corporation or Suspend Corporate Action.**

Adjudication in bankruptcy does not dissolve corporation nor suspend its right to elect officers or to take corporate action.

8. **Corporations—Judgment Dissolving Corporation Held Not Abuse of Discretion, Though Voluntarily Shortening of Time Within Which to Demur and Consent to Speedy Hearing Were Claimed Fraudulent.**

Trial court held not to have abused discretion in rendering judgment dissolving bankrupt corporation as against claim that time within which to demur had been voluntarily shortened and speedy hearing had been consented to, in order to work a fraud on stockholders.

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Appeal and error, Key-No. 750(1), 3 C. J. Sec. 1577; **(2)** Corporations, Key-No. 609, 14a C. J. Sec. 3680; **(3)** Appeal and error, Key-No. 733, 3 C. J. Sec. 1542; **(5)** Appeal and error, Key-No. 1073(1), 4 C. J. Sec. 3047; **(6)** Bankruptcy, Key-No. 20(1), 7 C. J. Sec. 28; **(7)** Corporations, Key-No. 604, Bankruptcy, Key-No. 100(1), 7. C. J. Sec. 149.

Appeal from Circuit Court, Beadle County; HON. ALVA E. TAYLOR, Judge.

Petition by the State of South Dakota, on the relation of J. C. McCoy and others, to dissolve the Farmers' Co-operative Packing Company. The petition was granted, and from an order denying the petition of C. W. Best to intervene and set aside the judgment, he appeals. Affirmed.

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellant.

*McCoy & McCoy* and *Gardner & Churchill,* all of Huron, for Plaintiffs and Respondents.

*Null & Royhl,* of Huron, for Defendant and Respondent.

GATES, P. J. Defendant Farmers' Co-operative Packing Company became incorporated under the laws of South Dakota in July, 1917. At about the month of June, 1922, it had com-

pleted the construction of a packing plant near Huron at an approximate cost of $750,000. The stockholders, officers, and directors were never able to secure financial means to operate the plant. On March 6, 1925, it was adjudged bankrupt, and on June 29, 1925, the plant was sold at bankruptcy sale for $751,000. On February 1, 1926, the state's attorney of Beadle county, on relation of himself and certain stockholders of the corporation, obtained leave from the circuit court to bring, and did begin, by the service of summons and complaint, an action to dissolve the corporation. The corporation demurred to the complaint for want of facts, which was overruled, and, defendant electing to stand upon the demurrer, testimony was taken, and the court entered judgment as prayed on February 15, 1926.

On February 24, 1926, one Best, a stockholder claiming to act for himself and a majority of the stockholders, submitted to the court a proposed answer in intervention and obtained from the court an order requiring plaintiff and defendant to show cause why the judgment should not be vacated and leave granted to file the petition and answer in intervention. At the hearing the parties submitted evidence pro and con, and on March 18, 1926, the court entered an order denying the relief sought by Best. From such order he appeals.

[1, 2] Appellant's first assignment of error is as follows:

"(1) That the court upon the proceedings as shown by the record had no jurisdiction to enter judgment against the defendant corporation dissolving said corporation."

If this assignment presents anything for review under Supreme Court rule 4, it presents only the naked question as to whether the court had jurisdiction of the subject matter of the action and of the person of the defendant. Aside from the matter of the effect of the adjudication in bankruptcy on the status of the corporation, which is hereinafter referred to, the court had jurisdiction of the subject-matter of the action by virtue of sections 2782, 2783, Rev. Code 1919, as amended by chapter 289, Laws 1919. It had jurisdiction of the person of the defendant by the service of process upon defendant and its appearance in the action.

[3, 4] Appellant next urges:

"(2) That such judgment was entered in collusion and fraud between the plaintiffs and defendant."

This so-called assignment asserts error but does not point out error. Hedlun v. Holy Terror Min. Co., 16 S. D. 261, 281, 92 N. W. 31, 36; Mahoney v. Smith, 41 S. D. 278, 170 N. W. 140. However, a study of the affidavits reveals nothing to convince us that the trial court abused its discretion in refusing to vacate the judgment. Not only was no fraud shown on the part of relators and defendant, but the court affirmatively found that Best and his associates secured by fraud and misrepresentation proxies from a large number of stockholders and voted them against voluntary dissolution contrary to the representations made by them when they received the proxies.

[5] Appellant next assigns:

"(3) That no findings of fact or conclusions of law were made upon which the judgment of dissolution could be based."

The court included in the judgment a general finding to the effect that all of the allegations of the complaint were true. The practice of inserting such a general finding in the judgment is not to be commended, but it is not cause for reversing the judgment even if the proposed intervener is in position to raise the question.

[6] Appellant's next assignment of error is:

"(4) That the defendant corporation, being in bankruptcy, its powers were suspended and the circuit court of Beadle county could acquire no jurisdiction over such company without first obtaining the consent of the federal court and without joining the trustee in bankruptcy as a party defendant."

[7] There are a few cases which hold that by reason of adjudication in bankruptcy, or even of hopeless insolvency, the corporation is to be deemed dissolved for the purpose of determining the liability of stockholders, but they go no further than that. Slee v. Bloom, 19 Johns. (N. Y.) 456, 10 Am. Dec. 273; State Savings Assoc. v. Kellogg, 52 Mo. 583; Penniman v. Briggs, Hopk. Ch. (N. Y.) 300; Sprague-Brimmer Mfg. Co. v. Murphy F. G. Co. (C. C.), 26 F. 572. But the great weight of authority is to the effect that adjudication in bankruptcy does not dissolve a corporation nor suspend the right of the corporation to elect

officers or take corporate action. Thus in Black on Bankruptcy (3d Ed.) § 146, the author says:

"But there is nothing in the language of the act, nor in the necessary consequences of such a proceeding, to prevent the corporation from resuming its business and the exercise of all its corporate functions, after it shall have obtained a discharge; and so long as that is possible, it cannot with any propriety be said that the company is dissolved. This view has been picturesquely expressed by the court in Georgia in the following terms: 'The bankruptcy of a corporation does not put an end to its corporate existence nor vacate the office of its directors.' A corporation of this state cannot be dissolved by an act of Congress, nor by the administration thereof through the federal courts. Georgia created, and she alone can destroy. Besides, it is not the purpose of the bankruptcy law to dissolve corporations. The assets are seized, but the franchise is spared. 'Your money,' not 'your life,' is the demand made by the Bankruptcy Act."

So, also, in the case entitled In re O'Gara Coal Co., 260 F. 742, 171 C. C. A. 480, 44 Am. Bankr. Rep. 206, the Court of Appeals of the Seventh Circuit said:

"Appellant disputes bankrupt's right to consent, claiming that the O'Gara Coal Company had no authority to transact any business, not even to elect its officers and directors, while its affairs were being conducted in the bankrupt court.

"The provisions in the Bankruptcy Act [U. S. Comp. St. § 9585 et seq.] providing for a composition clearly indicate that the Congress did not intend to deny to corporations the right to protect their own interest, including the right to elect directors. To give the bankrupt companies the right to propose compositions is inconsistent with a denial of the right of stockholders and directors to maintain the corporate existence and to take action necessary to the submission of such proposals."

In Hart v. Boston H. & E. R. Co., 40 Conn. 524, 533, the court said:

"The bankruptcy proceedings cannot operate to impair the right of Connecticut to dissolve the corporation. It is true that such dissolution cannot in any way affect the bankruptcy proceedings. In re Merchants' Ins. Co., [6 N. B. R.] 43 [Fed. Cas. No.

9441.] ; In re Independent Ins. Co. [6 N. B. R.] 169 [Fed. Cas. No. 7018] ; Id. [6 N. B. R.] 260, 271 [Fed Cas. No. 7017] ; Platt v. Archer [6 N. B. R.] 494 [Fed. Cas. No. 11213]. The provisions of the Act of 1869 [Acts 1869, c. 23] which authorize the court to appoint receivers, and administer the assets and pay the debts of a corporation, for the dissolution of which a stockholder applies, were suspended, as concerns the respondents, by the filing of the petition in involuntary bankruptcy; but not the provisions authorizing the franchise to be revoked. The spheres of the state and national governments are distinct. It belongs to the state to annul the charter; to the United States to settle the estate."

See, also, Holland v. Heyman, 60 Ga. 174; Chamberlain v. Hugenot Mfg. Co., 118 Mass. 532; Shenandoah Valley R. Co. v. Griffith, 76 Va. 913; Morley v. Thayer (C. C.) 3 F. 737; Chem. Nat. Bk. v. Hartford Dep. Co., 161 U. S. 1, 16 S. Ct. 439, 40 L. ed. 595; and State ex rel., etc., v. Merchant, 37 Ohio St. 251. In this case there is no conflict between the judgment of dissolution and the authority of the bankruptcy court. Neither the trustee in bankruptcy nor the bankruptcy court has any interest in or anything to do with the dissolution of the corporation nor with the distribution of the remaining assets of the corporation among the stockholders after the termination of the bankruptcy proceeding. The judgment of dissolution appoints a receiver to distribute the assets of the corporation among the stockholders, but the beginning of his authority over such assets is by the terms of the judgment held to await the turning over of the assets to him by the bankruptcy court.

[8] Lastly, appellant urges:

"(5) That this appellant and others interested as stockholders were prohibited from intervening in such action by the fraud practiced upon the trial court by the directors of the defendant corporation and concealing from the stockholders and this appellant that the action had been brought and by collusively bringing the demurrer on for hearing and entering judgment upon the hearing at a period less than the 30 days' time allowed for answering."

The court, which it is claimed was imposed upon by the voluntary shortening of the time within which to demur and by consent to a speedy hearing, has examined the charges of fraud and

has found no merit in such charges. We are unable to say that the trial court abused its discretion therein. Best asked for and obtained a copy of the summons and complaint on February 4, 1926, and consequently on that date was aware of the pendency of the action.

Finally, if the court had granted Best and his associates leave to intervene and no other or different issues had been raised than those raised by the proposed answer and appearing at the hearing of the order to show cause, we are of the opinion that the trial court would not have been justified in rendering any other or different judgment from that it did render.

The order appealed from is affirmed.