FARMERS UNION COOP. BROKERAGE, Appellant, v.
PALISADE FARMERS UNION LOCAL NO. 714 et al.,
Respondents

(7 N. W.2d 293.)

(File Nos. 8567-8568.   Opinion filed December 17, 1942.)
Rehearing Denied January 15, 1943.

**Louis H. Smith,** of Sioux Falls, for Appellant.

**B. O. Stordahl** and **Roy E. Willy,** both of Sioux Falls, for Respondents.

KNIGHT, Circuit Judge. The Farmers Union Co-operative Brokerage, a corporation, on February 18, 1942, filed an application in the Circuit Court of Minnehaha County for voluntary dissolution under the provisions of SDC 11.0902. Objections were timely filed by three stockholders alleging among other things that no legal meeting of the stockholders was held and that no resolution for the voluntary dissolution of the corporation was adopted by affirmative vote of not less than two-thirds vote of the outstanding stock of said corporation. The trial court, after an extended hearing,

128

granted the application for dissolution. The court found that no actual fraud was practiced, attempted or intended by the directors in trying to secure the dissolution of said corporation but that "their action in directing the manager to sell the stock in trade of the corporation in bulk and quit business before a vote was had by the stockholders on a dissolution of the company and shortly after the stockholders had at a meeting refused to sanction a movement to sell the assets of the company in bulk, was irregular." The trial court refused to appoint all of the directors of the corporation as statutory trustees to wind up the affairs of the corporation but appointed two of such directors and a disinterested third person to act as such trustees.

Both parties perfected appeals which have by stipulation and order been consolidated. For the purposes of this opinion the Farmers Union Co-operative Brokerage will be referred to as the appellant, and the three objecting stockholders as respondents. The issue raised by appellant as stated in its brief "is the right and authority of the Circuit Court to remove the board of directors of the petitioning corporation from their offices as trustees for the corporation in its voluntary dissolution." The respondents contend that the circuit court was without jurisdiction to enter a valid decree of dissolution for the reasons set forth in the objections by them filed. This jurisdictional question merits our first consideration.

█ That the procedure for the voluntary dissolution of a corporation is purely statutory and the requirements thereof must be complied with in order to give the court jurisdiction was pointed out In re Dissolution of Packer City Tire & Rubber Company, 39 S. D. 48, 162 N. W. 897, 898. The court said, "In order to confer jurisdiction upon the court to order dissolution it must be shown that at a legal meeting the stockholders had voted by a vote of two-thirds to voluntarily dissolve such corporation." To the same effect is In re Balfour & Garrette, 14 Cal. App. 261, 111 P. 615.

Appellant asserts that at the time of the holding of the

special meeting of the stockholders for the purpose of passing upon the question of voluntary dissolution, to-wit on February 17, 1942, the corporation had 259 qualified, voting members and that at such meeting 183 votes were cast in favor of such dissolution and 42 voted against. The respondents contend that 43 stockholders were not counted or included by appellant, in determining the number of stockholders and that no notice of such meeting was sent to such 43 stockholders and that none of them was present or voted at such meeting. Appellant on the other hand contends that these 43 alleged stockholders had ceased to be such, or at least were not entitled to vote at said meeting, by reason of their failure to pay their dues or assessments which became due on September 15, 1941, to the Farmers Educational and Co-operative Union. It thus becomes necessary for us to determine the status of these alleged stockholders.

The Farmers Educational and Co-operative Union of America, more commonly known as "The Farmers Union", is a non-stock corporation, a portion of whose by-laws we shall hereafter have occasion to discuss. The Farmers Union Co-operative Brokerage is a stock company entirely separate and distinct from the Farmers Union. Each corporation is a legal entity having a separate constitution, by-laws and officers. The constitution and by-laws of the Farmers Union Co-operative Brokerage provide among other things that each voting stockholder shall prior to the issuance of his stock certificate cause the following agreement to be filed by the secretary: "We do hereby agree to the provisions of the Constitution and By-Laws of the Farmers Union Co-operative Brokerage and agree further that should we cease to be members of the Farmers' Educational and Co-operative Union of America, we will, upon demand by the Board of Directors, surrender our certificate of stock to said board to be listed for sale and paid for as provided in the By-Laws." The constitution and by-laws also contain the following provision: "The following named organizations may become stockholders of Class A voting stock: A. The S. D. Division of the F. E. C. U. of America, B. Any county

or local union of a recognized division of the F. E. C. U. of America, C. Any co-operative business association organized and conducted by members of any recognized division of the F. E. C. U. of America." The constitution and by-laws further provide that the powers and interest of all stockholders shall be equal regardless of the amount of capital stock they may hold, with the exception that voting rights shall be limited to holders of Class A stock only, and further provides that: "At every election or meeting held pursuant to this constitution and by-laws, each Class A stockholder shall be entitled to one vote and no more." Section 7 of Article II of such constitution and by-laws is as follows: "Should any stockholder desire to surrender their stock or for any reason forfeit their right to hold such stock they shall register such stock with the secretary of this association, the same to be sold in the order of its registration and the selling price shall be paid to the owner of record at the time such sale is made. If a Local or county Union holding stock in this association forfeits its charter or otherwise becomes defunct, the stock held by such Local shall revert to and become the property of this association."

Aside from the matters hereinbefore set forth the constitution and by-laws contain no voting restrictions.

The 43 stockholders, 40 of which were Local unions and 3 of which were county unions, were the holders of fully paid, outstanding Class A stock registered on the books of the corporation as stockholders, and none of such stock had been called in, nor surrendered upon demand by the board of directors or otherwise. It does not appear that any of the 40 Locals or 3 county unions had forfeited its charter, and it thus becomes necessary to determine whether such locals or county unions had "otherwise become defunct" as provided in Section 7 of Article II above quoted.

■ The constitution and by-laws of the Farmers Union provide that the right to representation at the annual state convention of the association is dependent upon payment of dues for the current year but suspension for nonpayment is provided for by Section 1 of Article V of the by-laws:

"Any local delinquent for three years shall be considered as dead and subject to reorganization or suspension of charter." "Defunct" and "dead" as used in these by-laws must be considered as synonymous terms, and it thus appears that these 43 stockholders were not defunct, as contended by appellant, but were still the owners and holders of this stock at the time of the holding of the special meeting upon which this action is based, although at that time they may not have been entitled to representation at the annual meeting of the Farmers Union. It thus appears that the resolution was not adopted by two-thirds vote of the stockholders, and that the court was therefore without jurisdiction to grant the application.

Appellant calls attention to the fact that none of these 43 stockholders is objecting to the action taken, but as hereinbefore noted, the adoption of the resolution in the manner prescribed by law must affirmatively appear in order to give the court jurisdiction; the burden was upon the corporation to establish this fact, and this would have been true even had there been no objection to the granting of the application.

Appellant contends that the validity of the election was not before the court and that proceedings to dissolve the corporation cannot be turned into an equitable action for the purpose of determining the validity of outstanding stock. It may be stated as a general rule that it is the duty of the court to consider the outstanding stock as shown by the stock book of the corporation in determining the amount of the outstanding stock, and as above noted, the books of the appellant show this stock to be outstanding at the time of the meeting; and thus show that there were 302 holders of Class A or voting stock so that an affirmative vote of 201 members would be necessary to support jurisdiction in the dissolution proceeding.

We are of the opinion that if the judgment of dissolution could be otherwise sustained, it, under the facts shown, should have provided for the appointment of the

directors as trustees and that therefore no costs should be taxed.

The discussion of other questions presented would serve no useful purpose.

The judgment of dissolution is set aside and the trial court is directed to dismiss the proceeding.

KNIGHT, Circuit Judge, sitting for POLLEY, J.

All the Judges concur.