The above-entitled action was brought under SDC 37.05 for the purpose of annulling the charter of the defendant corporation. After a judgment had been entered in accordance with the prayer of the complaint, the appealing stockholders of defendant applied to the court for an order setting the judgment aside and for permission to intervene in the action. An order denying appellants' motion resulted and the appeal is from that order.
By arguments advanced in support of a motion to *Page 16 
dismiss the appeal, the plaintiffs invite rulings on procedural matters. We have elected to decline the invitation and to deal with the merits. In so doing we do not intend to indicate an opinion on the procedural issues tendered.
The contention on the merits is that the facts found by the trial court fail to reveal the existence of a statutory ground for annulling the charter of defendant, and are therefore insufficient to support the judgment. As the trial court premised its judgment upon a general finding as to the truth of the allegations of the complaint, we are remitted to a consideration of the sufficiency of the complaint.
[1] Before we turn to this principal problem, we pause to dispose of a matter that has clouded discussion in the briefs and at bar. It is apparent from the allegations of the complaint and from the record as a whole that the private relators have sought by this proceeding to accomplish that which they and others who hold the majority interest in the capital stock of defendant failed to accomplish through proceedings looking to a voluntary dissolution. See Farmers Union Co-operative Brokerage v. Palisade Farmers Union, 69 S.D. 126, 7 N.W.2d 293. In other words, it is apparent that the judgment sought and obtained serves the private interests of these relators and others. That such is the case is without legal significance if the judgment serves the public interest. People ex rel. Golconda Northern Ry. Co. v. Toledo, St. L. N.O.R. Co., 280 Ill. 495, 117 N.E. 701, Ann. Cas. 1918D, 224; 44 Am. Jur. 99. The question for decision is whether the state established a statutory ground warranting the judgment vacating the charter of the defendant corporation. This is the single question the appellants have argued in this court.
Stripped of that which is immaterial, the complaint alleges and the court found the facts to be as follows: That the Farmers Union Co-operative Brokerage is a corporation organized under the laws of this state for the purpose of handling and selling farm machinery, wire, fencing, oil, gasoline, and all kinds of farm machinery and equipment; that about one year previous to the commencement of this *Page 17 
action the corporation reduced its assets to cash, withdrew from business and has not since exercised its franchise; that dissension exists among its stockholders; and that the majority in number and over ninety per cent in interest of its stockholders favor dissolution and are opposed to a resumption of its business activities.
Manifestly, the state has sought to invoke but a single statutory ground of forfeiture. The pertinent provision of statute reads as follows:
"An action may be brought by any state's attorney in the name of the state or by any person who has a special interest in the action, on leave granted by the Circuit Court or Judge thereof, for the purpose of vacating the charter or articles of incorporation, or for annulling the existence of corporations other than municipal, whenever such corporation shall: * * *
"(3) Have forfeited its privileges of franchises by a failure to exercise its powers." SDC 37.0502.
[2] Consideration of a principle of universal acceptance is essential to an understanding of the legislative purpose underlying this particular provision of statute. It finds expression in 16 Fletcher, Corporations (1942) § 8061, in words as follows:
"It has been said that it is an implied condition of every corporate charter that the grantees shall act thereunder up to the expiration of the time for which they are incorporated, and if they fail to do so, the franchises granted may be withdrawn. And, as a general proposition, this is true. It is generally conceded that every legislative grant creating corporate existence is subject to the condition that the privileges and franchises conferred be used in the manner designated in the grant and in compliance with the law, and that a failure therein for an unreasonable length of time, whether through neglect, design or misfortune, is a breach of the implied agreement under which the right was granted and authorizes the state to repossess itself of that right." And see State v. Central Lumber Company,24 S.D. 136, at page 164, 123 N.W. 504, at page 513, 42 L.R.A., N.S., 804. *Page 18 
[3] The total nonuser of its franchise has been said to constitute a ground for forfeiting the charter of a purely private corporation in the absence of statute. 16 Fletcher, Corporations § 8061; State v. Dilbeck, Tex. Civ. App.297 S.W. 1049; 13 Am. Jur. 1171; annotation, 8 Am. St. Rep. 179. Such total nonuser goes to the essence of the implied agreement between the state and the incorporators and justifies the state in claiming a forfeiture of the rights and privileges of the corporation.
In this jurisdiction the right of the state to repossess itself of the granted rights and privileges in such a case has been declared by the quoted statute. This statute was applied in forfeiting the charter of a private corporation in State ex rel. Denu v. Rapid City Library Association, 32 S.D. 248, 142 N.W. 973. And in State v. Farmers' Co-Op. Packing Company, 50 S.D. 627, 211 N.W. 602, 604, a case wherein the state sought and obtained a judgment of forfeiture of the franchise of a purely private business corporation on the ground of nonuser, after placing its decision affirming the judgment on other grounds, this court wrote of the merits in the following words:
"Finally, if the court had granted Best and his associates leave to intervene and no other or different issues had been raised than those raised by the proposed answer and appearing at the hearing of the order to show cause, we are of the opinion that the trial court would not have been justified in rendering any other or different judgment from that it did render."
Thus it becomes apparent that the problem for solution is whether the state has established such a nonuser of its powers by the defendant corporation as the statute contemplates.
[4-6] The courts, having regard for the value and importance of the right to exist as a juristic person, have ever been cautious in decreeing a forfeiture of a corporate charter. 16 Fletcher, Corporations, § 8035. That the Legislature intended to safeguard these valuable privileges is indicated by the fact that it clothed the courts with a measure *Page 19 
of discretion in determining whether an action seeking a forfeiture of such privileges should be commenced. We think it reasonable to conclude that the Legislature did not intend that every halt of corporate activity should give rise to a cause of action in the state. Circumstances can be conceived in which a temporary total suspension of business might be such an act of prudence as would ultimately contribute to the social and economic purposes underlying the grant of corporate existence. However, we do not doubt that the statute is satisfied, and a ground of forfeiture is established by showing a complete discontinuance of effort to accomplish the purposes for which the corporation was chartered, and either an intention not to carry on, or an inability so to do.
[7] In the instant case, although the company has been at a standstill for a period of but a year, it appears that its cessation of effort to carry out the purpose for which it was chartered is not only intentional, but is final in character. All but a very small minority of those interested are opposed to a resumption of operations. We are of the opinion that nonuser, such as is contemplated by the statute, was established, and that the findings support the judgment.
The motion to dismiss the appeal is denied and the order of the learned trial court is affirmed.
All the Judges concur.