# Zimmerman, Appellant, *v.* Puro Coal Co.

*Corporations—Revocation of dissolution—Rights of creditors.*

1. The court which has dissolved a corporation, may, upon appropriate cause shown, enter an order revoking the decree of dissolution.

2. While the decree of dissolution remains in force, however, a creditor cannot begin or prosecute a common law action against the corporation; his only remedy is in equity.

*Corporations—Dissolution—Acts of June 8, 1874, P. L. 278; May 21, 1881, P. L. 30; May 23, 1907, P. L. 204; June 5, 1913, P. L. 449, and June 28, 1923, P. L. 894.*

3. The remedy provided by the Acts of June 8, 1874, P. L. 278; May 21, 1881, P. L. 30; May 23, 1907, P. L. 204; June 5, 1913, P. L. 449, and June 28, 1923, P. L. 894, can be invoked only by the corporations referred to therein; those statutes do not give to creditors a remedy against such corporations.

*Corporations not doing business—Act of May 10, 1923, P. L. 197 —Dissolution.*

4. The Act of May 10, 1923, P. L. 197, does not apply to dissolved corporations, but only to those which have ceased to do business or to maintain an office in the Commonwealth.

*Statutes—Change in common law—Extension by interpretation.*

5. A statute cannot be extended, by interpretation, to make any further innovation upon the common law than as expressly declared in the act itself.

Argued March 15, 1926. Appeal, No. 36, March T., 1926, by plaintiff, from order of C. P. Somerset Co., Sept. T., 1925, No. 305, quashing writ of summons in case of Daniel B. Zimmerman v. Puro Coal Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Rule to quash writ of summons. Before BERKEY, P. J. Rule absolute. Plaintiff appealed.

*Error assigned* was, inter alia, order, quoting record.

*Ernest O. Kooser,* with him *Charles W. Walker* and *Francis J. Kooser,* for appellant, cited: Pocono Ice Co. v. Ice Co., 214 Pa. 640.

*Charles H. Ealy,* of *Uhl & Ealy,* for appellee, cited: Farmers & Mechanics' Bank v. Little, 8 W. & S. 207, 221; Hays v. Ins. Co., 99 Pa. 621; Reynolds v. Nesbitt, 196 Pa. 636; Burns v. Ins. Co., 279 Pa. 453; Lovett v. Mathews, 24 Pa. 330; Williamson's Case, 26 Pa. 9; Myers v. Crick, 271 Pa. 399; Hartman v. Ogborn, 54 Pa. 120; Doyle v. Com., 107 Pa. 20; Kennedy v. Baker, 159 Pa. 146; New Castle Wire Nail Co.'s Case, 18 Pa. Superior Ct. 257.

OPINION BY MR. JUSTICE SIMPSON, April 12, 1926:

In this case, plaintiff appeals from an order of the court below quashing the writ of summons, because issued against, and attempted to be served upon, a mining corporation which had theretofore been dissolved by a decree of court. He admits that, if the rule of the common law still applies, the decision below was right; but he points to a number of statutes, which he alleges compel a different conclusion. We do not so interpret them.

The Act of June 8, 1874, P. L. 278, provides: "That all corporations for mining, manufacturing or trading purposes, whether created by general or special acts, whose charters may have expired, may bring suits, and maintain and defend suits already brought.....as fully and effectually as if their charters had not expired." This statute was extended by that of May 21, 1881, P. L. 30, to corporations whose charters "may hereafter expire"; by the Act of May 23, 1907, P. L. 204, to corporations "which may have been dissolved or may hereafter be dissolved, by any judicial decree"; by the Act of June 5, 1913, P. L. 449, to corporations "for the purchase and sale of real estate, and construction companies"; and by the Act of June 28, 1923, P. L. 894, to "all domestic, and

duly registered foreign, corporations organized" for any of the purposes specified in the prior statutes.

Pocono Spring Water Ice Co. v. American Ice Co., 214 Pa. 640, is the only case in which we have considered the true interpretation of any of the above statutes. It arose when only the Act of 1874, as amended by that of 1881, was in force. We held that the statute there involved was not limited to corporations whose charters had expired by lapse of time, but, being "remedial,..... is to be extended to cases in equal mischief,...... the manifest purpose of the act [being] to afford a remedy in all cases, supposed not to exist at common law, where the life of a trading corporation expired or came to an end by any means whatever." That suit was, however, by the defunct corporation itself; and, as pointed out in American Ice Co. v. Pocono Spring Water Ice Co. et al., 165 Fed. 714, we did not decide,—because the question was not before us,—that a supposed creditor of such a corporation could begin or maintain an action against it. It was held in that case,—as an analysis of the statutes shows to be correct,—that none of them vested in creditors the right to sue such corporations at common law, but only gave to the latter the right to institute, maintain and defend suits, despite the fact that their charters had expired. Hence, it was also there decided that, in this class of cases, equity furnishes the sole remedy to an alleged creditor; which remedy the courts will now enforce, despite the rigor of the common law, depriving the creditor of all relief. That equity will give its assistance, under such circumstances, was decided in Mumma v. The Potomac Company, 8 Peters 281, and in some earlier and later cases in the Supreme Court of the United States (see Citizens' Savings & Trust Co. v. Illinois Central R. R. Co., 205 U. S. 46, 55), was foreshadowed by us in Mott v. Penna. R. R. Co., 30 Pa. 9, 25, and is now the general rule in this country: see note to Mumma v. The Potomac Co., supra, in 8 Lawyers' Edition, 945; 7 R. C. L. 740.

Plaintiff contends, in addition, that the Act of May 10, 1923, P. L. 197, gives him the right to a common law suit. This statute provides that corporations which "shall have ceased doing business within this Commonwealth, or ceased to maintain an office for transaction of its business within this Commonwealth," may be sued "in any county in this Commonwealth where said corporation last conducted its business or last maintained an office for the transaction of its business." That language cannot aptly be applied to dead corporations, however, but only to those that are moribund, or have expatriated themselves; and we cannot extend it, by interpretation, so as to make any further innovation upon the common law than as expressly declared in the statute itself: Davidson v. Bright, 267 Pa. 580; Gratz v. Insurance Co. of North America, 282 Pa. 224.

Plaintiff has further asked us, if we conclude the court below was right, "that the final disposition of said appeal be withheld until plaintiff shall have had an opportunity to institute an action to set aside the dissolution of the appellee coal company." So far as can be judged by the present record, he has ample reason for so applying to the court which entered the decree of dissolution, which court has full power to make an appropriate order revoking it: Ensign Oil Co.'s Dissolution, 85 Pa. Superior Ct. 592. Inasmuch, however, as relief in equity is a remedy which may be sought, we deem it better to affirm the order appealed from, with leave to apply to the court below to set it aside, if and when the decree of dissolution has been vacated.

The order of the court below is affirmed, with leave as stated in this opinion.