J-A15029-23 & J-A15030-23

2023 PA Super 268

| | | |
|---|---|---|
| IN RE: DRAVO LLC-DERIVATIVE CLAIMS AGAINST CARMEUSE LIME, INC., AND CERTAIN AFFILIATED ENTITIES | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: ALL PLAINTIFFS REPRESENTED BY GOLDBERG, PERSKY & WHITE, P.C. | : : : | No. 1210 WDA 2022 |

Appeal from the Order Entered October 5, 2022
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD 20-010198

| | | |
|---|---|---|
| IN RE: DRAVO LLC-DERIVATIVE CLAIMS AGAINST CARMEUSE LIME, INC., AND CERTAIN AFFILIATED ENTITIES | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: ALL PLAINTIFFS REPRESENTED BY SALVINIS, KANE & GALLUCCI, LLC | : : : | No. 1284 WDA 2022 |
| Plaintiffs | : : | |
| REPRESENTED BY GOLDBERG, PERSKY & WHITE, P.C. | : : | |

Appeal from the Order Entered October 5, 2022
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD 20-010198

BEFORE: MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.*

---

* Retired Senior Judge assigned to the Superior Court.

DISSENTING OPINION BY MURRAY, J.:          **FILED: DECEMBER 19, 2023**

The Majority provides a comprehensive discussion about piercing the corporate veil.  However, I believe the discussion is premature without first examining the timeliness of Appellants' underlying action.[1]  Because I would conclude that the action does not meet the timeliness requirement of 15 Pa.C.S.A. § 1979(a)(2), I respectfully dissent.

Appellants "are a group of persons suffering from asbestos related illnesses allegedly caused by" Dravo Corp. (Dravo).  Trial Court Opinion, 1/4/23, at 1.  As the Majority states,

> [s]ince at least the early 1990s, Dravo has been sued in a number of lawsuits that sought damages due to alleged bodily injury caused by exposure to asbestos, where the exposure typically occurred during its operations from the 1940s through the 1980s.

Majority Opinion at 3 (citations omitted).  By the late 1990s, most of Dravo's industrial operations had been discontinued.  Trial Court Opinion, 1/4/23, at 1.

In 1998, in a reverse triangular merger, Dravo became a wholly owned subsidiary of Carmeuse Lime, Inc. (CLI).[2]  *Id.* at 2.  As a result, CLI acquired

---

[1] For purposes of this appeal, we refer to Appellants' claims as one proceeding. **See** Majority Opinion at 11 ("In September 2020, the trial court severed [Appellants'] claims from the underlying actions and consolidated them into the instant proceeding.").

[2] For purposes of the merger, CLI formed an acquisition subsidiary, DLCAC. DLCAC purchased all public shares of Dravo stock, then merged with Dravo. *(Footnote Continued Next Page)*

Dravo's ownership interests, but not its liabilities. ***Id.*** at 2. "After purchase, Dravo continued to exist as an independent corporate entity, though still completely owned by CLI." ***Id.*** Although officers or employees of CLI served as corporate officers of Dravo, and Dravo maintained separate financial records and minute books. ***Id.*** In July 2007, CLI purchased all Dravo's stock. ***Id.*** From 2007 through 2018, Dravo managed its asbestos liabilities through its primary and excess insurance policies. ***Id.*** at 3.

It is important to note that "reverse triangular mergers" are a recognized method for effecting a leveraged buyout. "Although there are a host of alternative structures available, the reverse triangular merger has become **the standard approach** for [leveraged buyouts] in the United States." Edward B. Rock, *Adapting to the New Shareholder-Centric Reality*, *ADAPTING TO THE NEW SHAREHOLDER-CENTRIC REALITY*, 161 U. Pa . L. Rev. 1907, 1949 (2013) (emphasis added); ***see also*** Melvin Aron Eisenberg, *Corporations and Other Business Organizations: Cases and Materials*, 1099 (8th ed. 2000) (explaining how conventional triangular mergers operate). Our legislature recognized, "[T]he effect of a forward triangular merger is the same as that of a reverse triangular merger[.]" 15 Pa.C.S.A. § 336 cmt.

---

Trial Court Opinion, 1/4/23, at 2. Thus, Dravo became the surviving entity, and a wholly-owned subsidiary of CLI. ***Id.***

In 2018, Dravo initiated corporate dissolution in accordance with Pennsylvania law. *Id.* at 4. As Dravo's sole shareholder, CLI formed a separate subsidiary (Dravo 2018) to effect Dravo's dissolution. *Id.* CLI subsequently transferred all of its Dravo stock to Dravo 2018. Dravo later converted to a limited liability company (Dravo LLC). *Id.*

Pertinently, Dravo filed its certificate of dissolution on July 5, 2018. *Id.* There is no dispute that Appellants filed their asbestos action more than two years later.

The timeliness of actions filed against dissolved corporations is dictated by statute.

> "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions." [1 Pa.C.S.A.] § 1921(a). "**When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.**" *Id.* § 1921(b). … [T]he "plain language of a statute generally provides the best indication of legislative intent." *Commonwealth v. Rosario*, 294 A.3d 338, 346 (Pa. 2023) (quoting *Commonwealth v. Lehman*, … 243 A.3d 7, 16 (Pa. 2020))….

*Klar v. Dairy Farmers of Am.*, 300 A.3d 361, 372 n.56 (Pa. 2023) (emphasis added).

"The Legislature has created a process whereby a dissolved corporation can bar future claims, thus cutting off the possibility that the corporation's potential liability could never be completely resolved." *Erdely v. Hinchcliffe & Keener, Inc.*, 875 A.2d 1078, 1084 (Pa. Super. 2005). Section 1979(a) of

Pennsylvania's Business Corporation Law expressly limits the period in which

an action may be brought against dissolved corporations:

> The dissolution of a business corporation … shall not eliminate nor impair any remedy available to or against the corporation or its directors, officers or shareholders for any right or claim existing, or liability incurred, prior to the dissolution, if an action or proceeding thereon is brought on behalf of:
>
> ….
>
> **(2)** any other person **before or within two years after the date of the dissolution or within the time otherwise limited by this subpart or other provision of law, whichever is less.** *See* sections 1987 (relating to proof of claims), 1993 (relating to acceptance or rejection of matured claims) and 1994 (relating to disposition of unmatured claims).

15 Pa.C.S.A. § 1979(a) (emphasis added).  Subsection (d) limits the liability

of shareholders of a dissolved corporation:

> **(d)** *Limitation of actions.* A shareholder of a dissolved corporation, … shall not be liable for any claim against the corporation on which an action is not commenced prior to the expiration of the period specified in subsection (a)(2).

*Id.* § 1979(d).

Notably, Subsection (f) addresses the effect of a late-filed action against

a dissolved corporation:

> **Late-filed action or proceeding.** The following apply to an action or proceeding commenced against a dissolved corporation after the expiration of the period specified in subsection (a)(2):
>
> **(1) Any judgment against a dissolved corporation in an action or proceeding shall be void**.

*Id.* § 1979(f) (emphasis added).  The Legislature further recognized the two-

year limitation in the comment to Section 1979:

> [B]etween the date of technical dissolution and the running of the **two-year statute of limitations** on post-dissolution actions relating to the dissolved corporation, shareholders of the corporation have no responsibility for the unpaid liabilities of the corporation beyond the amount of net assets distributed to them in connection with the dissolution and any unpaid subscriptions.

15 Pa.C.S.A. § 1979 cmt. (emphasis added).[3] Thus, the Legislature expressly, plainly, and repeatedly set a two-year limitation for actions brought against dissolved corporations. **See** 1 Pa.C.S.A. § 1921(b).

It is undisputed that Dravo filed for a certificate of dissolution on July 5, 2018, and Appellants filed their action <u>after</u> Section 1979(a)(2)'s two-year limitation period. Applying the plain language of Section 1979(a)(2), Appellants' action is time-barred. **See** 15 Pa.C.S.A. § 1979(f) (deeming judgments resulting from an untimely action against a dissolved corporation void). The Majority's discussion of "piercing the corporate veil" does not overcome the timeliness issue. Our Supreme Court explained, "[p]iercing the corporate veil is … a matter of equity, allowing a court to disregard the corporate form and assess one corporation's liability against another." **Mortimer v. McCool**, 255 A.3d 261, 268 (Pa. 2021) (citation omitted). To assess Dravo's liability against CLI, we must ascertain whether the underlying action against Dravo is time-barred.

---

[3] In 15 Pa.C.S.A. § 1994, the Legislature addressed the disposition of unmatured contractual claims against a dissolved corporation. The Legislature reiterated, "the holder of **any other claim** may bring an action against the dissolved corporation or its directors, officers or shareholders **within the time limited by section 1979(a)**." 15 Pa.C.S.A. § 1994(b) (emphasis added).

Caselaw regarding "piercing the corporate veil" indicates that the underlying action controls the applicable statute of limitations. *See, e.g., S.T. Hudson Engineers, Inc. v. Camden Hotel Dev. Associates*, 747 A.2d 931, 934-35 (Pa. Super. 2000) (applying a six-year limitation period for a claim to pierce the corporate veil, after determining it was the appropriate limitations period for the underlying breach of contract action); *Krause v. Great Lakes Holdings, Inc.*, 563 A.2d 1182, 1190-92 (Pa. Super. 1989) (applying a two-year statute of limitations for a claim to pierce the corporate veil where the underlying action was based on fraud).

Here, the Legislature mandated a two-year limitation period for actions against dissolved corporations. *See* 15 Pa.C.S.A. § 1979(a)(2). It is undisputed that Appellants failed to file their action within the two-year period. Because their action is statutorily time-barred, I would affirm the trial court's order entering summary judgment against Appellants.